UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024,<br><br>Plaintiff,<br><br>v.<br><br>TV Azteca, S.A.B. de C.V., *et al*.,<br><br>Defendants. | Case No. 1:22-cv-08164-PGG |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Defendants TV Azteca, S.A.B. de C.V., *et al*, ("Defendants") hereby appeal to the United States Court of Appeals for the Second Circuit from the entirety of the Memorandum Opinion and Order dated September 22, 2025, and entered on September 23, 2025, of Hon. Paul G. Gardephe of the United States District Court for the Southern District of New York, which provides that Defendants are enjoined from "from prosecuting the July 2022 Mexican Action and the September 2022 Mexican Action; are instructed to take all steps necessary, forthwith, to dismiss or cause to be dismissed these actions and any other actions currently pending in Mexico arising from the Indenture; and are enjoined from prosecuting any legal actions in Mexico arising from the Indenture, or commencing any new legal actions in Mexico arising from the Indenture." A copy of this Court's Memorandum and Order is attached hereto as Exhibit A. Defendants' Notice of Appeal is timely filed.

Dated: New York, New York
October 20, 2025

GREENBERG TRAURIG, LLP

By:  _/s/ Hal S. Shaftel_____
    Hal S. Shaftel
    Daniel Pulecio-Boek

One Vanderbilt Avenue
New York, New York 10017
(212) 801-9200
shaftelh@gtlaw.com
pulecioboekd@gtlaw.com

*Attorneys for Defendants T.V. Azteca,*
*S.A.B. de C.V., et al.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BANK OF NEW YORK MELLON,

Plaintiff,

- against -

TV AZTECA, S.A.B. DE C.V. ET AL.,

Defendants.

**MEMORANDUM**
**<u>OPINION & ORDER</u>**

22 Civ. 8164 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

In this action, Plaintiff The Bank of New York Mellon – in its capacity as
indenture trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024 – alleges that
Defendant TV Azteca, S.A.B. de C.V. and thirty-four TV Azteca subsidiary guarantors (together,
"Defendants") are in default on $400 million in unsecured notes (the "Notes").  (MSJ in Lieu of
Cmplt. (Dkt. No. 1-1); Pltf. Br. (Dkt. No. 47) at 9 n.3)[1]  As a result of the alleged default, owners
of more than 25% of the aggregate principal amount of the outstanding Notes (the
"Noteholders") authorized the issuance of a notice of acceleration to TV Azteca on May 3, 2022,
which declared "the unpaid principal of (and premium, if any) and accrued and unpaid interest
on all the Notes to be due and payable immediately as provided under" the August 9, 2017
indenture (the "Indenture") governing the Notes.  (Jun. 28, 2024 Qureshi Decl., Ex. 3 (May 3,
2022 Acceleration Notice) (Dkt. No. 48-3) at 2-3; <u>id.</u> (Dkt. No. 48) ¶ 4)

On August 5, 2022 – at the direction of the Noteholders – Plaintiff transmitted a
notice of acceleration to TV Azteca, and on August 8, 2022, Plaintiff transmitted to TV Azteca a

---

[1] Page number citations reflect the pagination generated by this District's Electronic Case Files
("ECF") system.

supplement to the August 5, 2022 notice of acceleration that declared "the unpaid principal of $400,000,000, premium, accrued and unpaid interest, and any other amounts owed on the Notes, and under the Indenture, to be due and payable immediately as provided . . . under the Indenture." (See Jun. 28, 2024 Qureshi Decl., Ex. 4 (Aug. 5, 2022 Acceleration Notice) (Dkt. No. 48-4) at 2; id., Ex. 5 (Aug. 8, 2022 Supp. Acceleration Notice) (Dkt. No. 48-5) at 2)

On July 8, 2022, TV Azteca filed a complaint in the Ninth Superior Court of Mexico against certain Noteholders, claiming "that the document called 'Notice of Acceleration' dated May 3, 2022, . . . is not legally valid and has no legal effect whatsoever," and requesting that "[t]he court order that the payment of the unpaid principal of the Bonds issued under the Indenture . . . is not due and payable." (Jun. 28, 2024 Castillo Decl., Ex. 2 (Jul. 8, 2022 Mexican Cmplt.) (Dkt. No. 49-2) at 4-5 (emphasis omitted); id. (Dkt. No. 49) ¶ 9)

On July 12, 2022, the Ninth Superior Court issued an injunction prohibiting the Noteholders from making any effort to collect the unpaid principal and interest due on the Notes. (Id., Ex. 3 (Jul. 12, 2022 Mexican Court Injunction) (Dkt. No. 49-3))

Plaintiff initiated the instant action by filing a motion for summary judgment in lieu of complaint in Supreme Court of the State of New York, New York County, on August 26, 2022. (MSJ in Lieu of Cmplt. (Dkt. No. 1-1))

On September 22, 2022, TV Azteca filed a complaint against Bank of New York Mellon, as Trustee, Bank of New York Mellon, London Branch, as Principal Paying Agent, and certain Noteholders in the Sixty-Third Superior Court of Mexico, seeking a ruling that – due to "**acts of God or force majeure events**" related to the COVID-19 pandemic – "the performance of the obligations assumed in the [Indenture]" was a "**material and legal impossibility**" and, as a result, TV Azteca "**did NOT fail to perform the contractual obligations** assumed in the

[Indenture]."  (See Jun. 28, 2024 Castillo Decl., Ex. 7 (Sept. 22, 2022 Mexican Court Cmplt.)
(Dkt No. 49-7) at 4, 7 (emphasis in original); id. (Dkt No. 49) ¶¶ 16-17)  TV Azteca asked the
Mexican court to "decree that, as acts of God and force majeure event[s] took place which
prevented the performance of the obligations assumed by [TV Azteca] as they were beyond their
control, during the health emergency, the Early Maturity of the principal payment or the
premium was not to take place, nor is the payment of interest on [certain dates specified in the
Indenture to take place]; nor delinquency or interest on arrears or any other additional amount, if
any, established in the [Indenture]."  (See id., Ex. 7 (Sept. 22, 2022 Mexican Court Cmplt.) (Dkt
No. 49-7) at 7 (emphasis omitted))

      On September 23, 2022, Defendants removed the instant action to this Court on
the basis of diversity jurisdiction.  (Notice of Removal (Dkt. No. 1))

      On September 27, 2022, the Sixty-Third Superior Court issued an injunction (see
Jun. 28, 2024 Castillo Decl. (Dkt. No. 49) ¶ 20) that barred TV Azteca from making payments
due under the Indenture until the World Health Organization decreed that the COVID-19
pandemic had ended.  (Id., Ex. 8 (Sept. 27, 2022 Mexican Court Injunction) (Dkt No. 49-8) at 7,
19)

      On June 28, 2024, Plaintiff moved in the instant action for an order enjoining TV
Azteca from continuing to prosecute or initiating any actions or claims in Mexico in connection
with the Indenture.  (Pltf. Mot. (Dkt. No. 46))

      For the reasons stated below, Plaintiff's request for an injunction will be granted.

## BACKGROUND

### I.    FACTS

      Defendant TV Azteca, one of the largest producers of Spanish-language television
content in the world, is incorporated in Mexico and has its principal office in Mexico City,

Mexico. (Jun. 28, 2024 Qureshi Decl., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶¶ 1-2)[2]  TV Azteca's stock is publicly traded on the Mexican Stock Exchange and on the Spanish Latibex Exchange. (Id. ¶ 4)  A Mexican citizen and two affiliated Mexican corporations hold a majority interest in TV Azteca's shares. (Id.)

TV Azteca has 50 direct and indirect subsidiaries. (Id. ¶ 5)  Six of those subsidiaries are organized under United States law, while the remaining subsidiaries are organized under the law of other countries, including Mexico. (Id. ¶ 5)  Thirty-four of TV Azteca's subsidiaries are guarantors of the Notes under the Indenture. (Id. ¶ 6)

On August 9, 2017, pursuant to the Indenture, TV Azteca issued $400 million in unsecured notes, which were set to mature in 2024. (Id. ¶ 18; see also Jun. 28, 2024 Qureshi Decl., Ex. 2 (Indenture) (Dkt. No. 48-2))  Under the Indenture, TV Azteca is obligated to make interest payments at the rate of 8.250% per annum on the $400 million principal sum on August 9 and February 9 of each year during the term of the Indenture. (Jun. 28, 2024 Qureshi Decl., Ex. 2 (Indenture) (Dkt. No. 48-2) at 126; id., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶ 19)

The Indenture contains choice of law and forum selection provisions. Those provisions state, inter alia, that each party to the Indenture

(1) "agrees that any suit, action or proceeding against it arising out of or relating to this Indenture (including the Note Guarantees) or the Notes . . . may be instituted in any court of the State of New York or any United States court sitting, in each case, in the

---

[2]  Plaintiff has submitted as an exhibit to its motion a joint stipulation of uncontested facts that was filed in the United States Bankruptcy Court for the Southern District of New York after certain Noteholders filed involuntary Chapter 11 petitions against Defendants. (See Jun. 28, 2024 Qureshi Decl., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11); Oct. 16, 2023 Order (Dkt. No. 28) at 1; In re TV Azteca, S.A.B. de C.V., No. 23-10385 (LGB) (Bankr. S.D.N.Y.), Dkt. No. 61)  Defendants do not object to Plaintiff's use of this exhibit (see Def. Opp. (Dkt. No. 52)), and the Court cites to it for purposes of providing background information.

Borough of Manhattan, The City of New York, New York, United States of America, and any appellate court from any court thereof" (id., Ex. 2 (Indenture) (Dkt. No. 48-2) at 106; see also id., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶ 20);

(2) "waives to the fullest extent permitted by applicable law, any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding, any immunity from the jurisdiction of such courts over any suit, action or proceeding, its right to bring action in any other jurisdiction that may apply by virtue of its present or future domicile or for any other reason, any claim that any suit, action or proceeding in such a court has been brought in an inconvenient forum and any right to any other jurisdiction to which it may be entitled on account of place of residence or domicile, or for any other reason" (id., Ex. 2 (Indenture) (Dkt. No. 48-2) at 106; see also id., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶ 20);

(3) "irrevocably consents and submits to the exclusive jurisdiction of any court of the State of New York or any United States court sitting, in each case, in the Borough of Manhattan, The City of New York, New York, United States of America, and any appellate court from any court thereof" (id., Ex. 2 (Indenture) (Dkt. No. 48-2) at 106; see also id., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶ 20);

(4) "agrees that final judgment in any such suit, action or proceeding brough in such a court shall be conclusive and binding and may be enforced in the courts of the jurisdiction of which it is subject by a suit upon judgment[.]" (Id., Ex. 2 (Indenture) (Dkt. No. 48-2) at 106; see also id., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶ 20)

"Prior to February 9, 2021, TV Azteca paid interest when due under the Notes."

"On February 9, 2021, [however,] TV Azteca publicly announced that it would 'defer' the interest payment due on that date" (id., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶ 23; see also id., Ex. 7 (Feb. 9, 2021 TV Azteca Press Release) (Dkt. No. 48-7)), and TV Azteca did not make the required interest payments due on August 9, 2021, February 9, 2022, August 9, 2022, and in February 2023. (Id., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) ¶ 24)

On May 3, 2022, holders of more than 25% of the aggregate principal amount of the outstanding Notes at issue (the "Noteholders") authorized the issuance of a notice of acceleration to TV Azteca, which declared "the unpaid principal of (and premium, if any) and accrued and unpaid interest on all the Notes to be due and payable immediately as provided under" the Indenture.  (Id., Ex. 3 (May 3, 2022 Acceleration Notice) (Dkt. No. 48-3) at 3)  At the direction of the Noteholders, Plaintiff issued a notice of acceleration to TV Azteca on August 5, 2022, and issued a supplement to the August 5, 2022 notice of acceleration to TV Azteca on August 8, 2022.  The supplemental notice declared "the unpaid principal of $400,000,000, premium, accrued and unpaid interest, and any other amounts owed on the Notes, and under the Indenture, to be due and payable immediately as provided . . . under the Indenture."  (See id., Ex. 4 (Aug. 5, 2022 Acceleration Notice) (Dkt. No. 48-4) at 2; id., Ex. 5 (Aug. 8, 2022 Supp. Acceleration Notice) (Dkt. No. 48-5) at 2)

## II.    PROCEDURAL HISTORY

### A.    Foreign Litigation

#### 1.    The July 2022 Mexican Action

As noted above, on July 8, 2022, TV Azteca filed a complaint in the Ninth Superior Court of Mexico against certain Noteholders (the "July 2022 Mexican Action"), asserting "that the document called 'Notice of Acceleration' dated May 3, 2022, . . . is not legally valid and has no legal effect whatsoever," and asking that "[t]he court order that the payment of the unpaid principal of the Bonds issued under the Indenture . . . is not due and payable."  (Jun. 28, 2024 Castillo Decl., Ex. 2 (Jul. 8, 2022 Mexican Cmplt.) (Dkt. No. 49-2) at 4-5 (emphasis omitted); id. (Dkt. No. 49) ¶ 9)  While Plaintiff is not named as a defendant in this action, TV Azteca requested that Plaintiff "be called as [a] third part[y], by virtue of the capacity [it has] in relation to the Indenture, namely, [it was] appointed as Trustee . . . in relation to the Agreement

and Bonds issued thereunder, for which reason it is considered that [it] should be bound by the

judgment, if any, that may be issued in this proceeding."  (Id., Ex. 2 (Jul. 8, 2022 Mexican

Cmplt.) (Dkt. No. 49-2) at 77-78)

On July 12, 2022, the Ninth Superior Court of Mexico issued an ex parte

injunction (see id. (Dkt. No. 49) ¶ 12) granting "the precautionary measures requested by TV

Azteca," including (1) "[t]he suspension of the effects and consequences that could derive from

the document dated May 3, 2022, to which it was intended to give the character of 'Notice of

Early Maturity,' presumably signed by the [Noteholders], by virtue of which they sought the

'Acceleration' and/or early maturity of principal and accrued and unpaid interest of all the bonds

subscribed under the Indenture Agreement," and (2) "[t]he prohibition of the [Noteholders] to

file and initiate any procedure aimed at the collection and/or payment of the unpaid capital of the

bonds issued under the Indenture Agreement dated August 9, 2017, in execution or

materialization of the document dated August 3, two thousand twenty-two, which was intended

to be given the character of 'Notice of Early Maturity,' against [TV Azteca] or subsidiaries,

including the subsidiary guarantors."  (Id., Ex. 3 (Jul. 12, 2022 Mexican Court Injunction) (Dkt.

No. 49-3) at 3 (emphasis omitted))  The July 12, 2022 injunction further provides that the

"requested precautionary measures will be valid until the final and enforceable judgment is

issued. . . ."  (Id. at 4)

On August 17, 2022, the Ninth Superior Court extended the July 12, 2022

injunction "for the purpose of suspending the effects and consequences that may derive from the

documents dated August 5 and 8, both of August 2022, referred to as 'Notice of Early Maturity';

The [Noteholders] and the trustee are prohibited from initiating and or initiating any procedure

aimed at the collection and/or payment of the unpaid capital of the bonds issued under the

issuance contract dated August 9, 2017, in execution or materialization of the documents dated 5 and 8, both of August of the year 2022."  (Id., Ex. 4 (Aug. 17, 2022 Mexican Court Injunction Extension) (Dkt. No. 49-4) at 2 (emphasis omitted))

Litigation remains ongoing in the July 2022 Mexican Action, and no final judgment has been issued in that case.  (See Sept. 12, 2025 Joint Status Rpt. (Dkt. No. 96))

### 2.    The September 2022 Mexican Action

As discussed above, on September 22, 2022, TV Azteca filed an ex parte complaint (see Jun. 28, 2024 Castillo Decl. (Dkt. No. 49) ¶¶ 16, 19) against the Bank of New York Mellon, as Trustee, and Bank of New York Mellon, London Branch, as Principal Paying Agent, and certain Noteholders in the Sixty-Third Superior Court of Mexico, asserting that due to "**acts of God or force majeure events**" related to the COVID-19 pandemic, "the performance of the obligations assumed in the [Indenture]" was a "**material and legal impossibility**," and that, as a result, TV Azteca "**did NOT fail to perform the contractual obligations** assumed in the [Indenture]."  (See Jun. 28, 2024 Castillo Decl., Ex. 7 (Sept. 22, 2022 Mexican Cmplt.) (Dkt No. 49-7) at 4, 7; id. (Dkt No. 49) ¶¶ 16-17) (emphasis in original)  TV Azteca asked the court to "decree that, as acts of God and force majeure event[s] took place which prevented the performance of the obligations assumed by [TV Azteca] as they were beyond their control, during the health emergency, the Early Maturity of the principal payment or the premium was not to take place, nor is the payment of interest on February 9, 2021, August 9, 2021 and February 9, 2022; nor delinquency or interest on arrears or any other additional amount, if any, established in the [Indenture]."  (See id., Ex. 7 (Sept. 22, 2022 Mexican Cmplt.) (Dkt No. 49-7) at 7 (emphasis omitted))  TV Azteca further requested that the court "decree the legal ineffectiveness of the document entitled 'Notice of Early Maturity' dated May 3, 2022," and rule that "the Early Maturity of the principal payment or the premium [did] not take place," and thus

8

that "it is not appropriate to require the payment of the premium, the accrued and unpaid interest, and other amounts owed under certain 8.250% Senior Bonds maturing in 2024." TV Azteca also asked the court to rule that "the [Indenture] agreement, dated August 9, 2017, [is] null and void." (Id. at 7-8 (emphasis omitted))

On September 27, 2022, the Sixty-Third Superior Court issued an ex parte injunction (see id. (Dkt. No. 49) ¶ 22) ordering that "until such time as the World Health Organization decrees the extinction of the pandemic known as SARS-CoV2 (COVID 19), [TV Azteca] is prohibited to make payments of obligations" under the Indenture "due prior to the present lawsuit." (Id., Ex. 8 (Sept. 27, 2022 Mexican Court Injunction) (Dkt No. 49-8) at 7, 19) The September 27, 2022 injunction also includes "a prohibition [as] to the [Noteholders] to initiate and/or file any proceeding for the collection and/or payment of the unpaid principal of the Bonds issued under the [Indenture], in execution or materialization of the document dated May 3, 2022, which was intended to be a 'Notice of Anticipated Maturity,'" and orders the "suspension of all enforcement proceedings and the prohibition of the securing of assets to the detriment of [TV Azteca] until the issuance of the judgment that becomes enforceable in the present proceeding." (Id. at 19) The September 27, 2022 injunction further orders "the suspension of the effects and consequences that could derive from the early maturity of the principal and accrued and unpaid interest of all the bonds subscribed under the [Indenture,]" and "the suspension of all payment obligations arising from the [Indenture]. . . ." (Id.)

Litigation in the September 2022 Mexican Action – as well as litigation in a related action challenging the constitutionality of the September 27, 2022 injunction under

Mexican law[3] – remains ongoing, and no final judgment has been issued.  (See Sept. 12, 2025

Joint Status Rpt. (Dkt. No. 96))

     **B.**     **The Instant Action**

     Plaintiff initiated the instant action on August 26, 2022, by filing a motion for

summary judgment in lieu of complaint in Supreme Court of the State of New York, New York

County.  (MSJ in Lieu of Cmplt. (Dkt. No. 1-1))  On September 23, 2022, Defendants removed

the action to this Court on the basis of diversity jurisdiction.  (Notice of Removal (Dkt. No. 1))

     In an October 16, 2023 order, this Court stayed the instant action pursuant to 11

U.S.C. § 362, pending resolution of involuntary Chapter 11 petitions filed against the Defendants

by certain Noteholders in the United States Bankruptcy Court for the Southern District of New

York.  (Oct. 16, 2023 Order (Dkt. No. 28) at 1-3)  That same day, this Court directed the parties

to "file a joint letter updating the Court as to the status of the bankruptcy petition and the

Mexican litigations every 30 days, and in any event, within three days of the resolution of any of

those actions."  (Id. at 3)

     On June 28, 2024, Plaintiff moved for an order enjoining TV Azteca from

"continuing to prosecute, or initiating any claims in, any action in Mexico in connection with the

[Indenture]. . . ."  (Pltf. Mot. (Dkt. No. 46) at 2)

     Defendants filed their opposition to Plaintiff's motion on July 29, 2024 (Def.

Opp. (Dkt. No. 52)), and Plaintiff filed its reply on August 14, 2024.  (Pltf. Reply (Dkt. No. 54))

---

[3]  On March 15, 2023, Plaintiff filed an "Amparo" action in Mexico, which "is a separate
proceeding in a separate court to seek relief available in Mexican Courts to protect fundamental
constitutional rights."  (Jun. 28, 2024 Castillo Decl. (Dkt No. 49) ¶ 23 n.1)  In its Amparo action,
Plaintiff contends "that the September [27, 2022] [i]njunction violate[s] [Plaintiff's] due process
rights."  (Id. ¶ 23; see also id., Ex. 9 (Amparo Filing) (Dkt No. 49-9))

On October 10, 2024, the stay in the instant action was lifted after the parties

informed the Court that the United States Bankruptcy Court for the Southern District of New

York had dismissed the bankruptcy action brought against the Defendants.  (Oct. 10, 2024 Order

(Dkt. No. 61))

## DISCUSSION

## I.   LEGAL STANDARDS

"It is beyond question that a federal court may enjoin a party before it from

pursuing litigation in a foreign forum."  Paramedics Electromedicina Comercial, Ltda. v. GE

Med. Sys. Info. Techs., Inc., 369 F.3d 645, 652 (2d Cir. 2004).  "[P]rinciples of comity

counsel[,] [however,] that injunctions restraining foreign litigation be 'used sparingly' and

'granted only with care and great restraint.'"  Id. (quoting China Trade & Dev. Corp. v. M.V.

Choong Yong, 837 F.2d 33, 36 (2d Cir. 1987)).

Before imposing an anti-suit injunction, a court must first find that the following

threshold requirements are met:  "[1.] the parties are the same in both matters, and [2.] resolution

of the case before the enjoining court is dispositive of the action to be enjoined."  Id. (citing

China Trade, 837 F.2d at 35).

Where the threshold requirements for enjoining foreign litigation are satisfied, a

court must go on to consider whether "'(1) [absent an injunction,] frustration of a policy in the

enjoining forum [would ensue]; (2) [absent an injunction,] the foreign action would be vexatious;

(3) [the foreign proceedings present] a threat to the issuing court's . . . jurisdiction; (4) the

proceedings in the other forum prejudice equitable considerations; [and] (5) adjudication of the

same issues in separate actions would result in delay, inconvenience, expense, inconsistency, or a

race to judgment'" (the "China Trade factors").  China Trade, 837 F.2d at 35 (quoting American

Home Assurance Corp. v. The Insurance Corp. of Ireland, Ltd., 603 F.Supp. 636, 643 (S.D.N.Y.

1984)); see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,

500 F.3d 111, 119 (2d Cir. 2007) (applying the same five factors).

Where a "court has addressed the propriety of imposing an anti-suit injunction

under the China Trade test [and determined that an anti-suit injunction is warranted],

the . . . court must then make findings on whether it is appropriate to enter a preliminary

injunction. . . ." In re Millenium Seacarriers, Inc., 458 F.3d 92, 98 (2d Cir. 2006) (emphasis

omitted); see also Dandong v. Pinnacle Performance Ltd., No. 10 CIV. 8086 LBS, 2011 WL

6156743, at *3 (S.D.N.Y. Dec. 12, 2011), aff'd in part, remanded in part on other grounds sub

nom. Lam Yeen Leng v. Pinnacle Performance Ltd., 474 F. App'x 810 (2d Cir. 2012) ("In

addition to satisfying the China Trade test, recent Second Circuit case law has held that a party

seeking a preliminary anti-suit injunction must also satisfy the traditional test for a preliminary

injunction." (citing Software A.G., Inc. v. Consist Software Solutions, Inc., 323 Fed. Appx. 11,

12 (2d Cir. 2009) (summary order); In re Millenium Seacarriers, 458 F.3d at 98)).  "A party

seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of

success on the merits or both serious questions on the merits and a balance of hardships

decidedly favoring the moving party; and (3) that a preliminary injunction is in the public

interest."  N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc., 883 F.3d 32, 37 (2d

Cir. 2018).

## II.   ANALYSIS

Noting that "the Indenture's forum selection clause . . . confers *exclusive*

jurisdiction on New York courts to adjudicate all disputes arising under or related to the

Indenture," Plaintiff contends that "TV Azteca's litigation in Mexico expressly seeks . . . to

avoid its obligations under its [New York]-law governed Indenture and to evade the exclusive

jurisdiction of New York courts to which TV Azteca irrevocably submitted when it entered into

the Indenture." (Pltf. Br. (Dkt. No. 47) at 6-7 (emphasis in original))  According to Plaintiff,

> TV Azteca's . . . attempt to undermine the jurisdiction of this Court and to evade its
> contractual obligations under [New York] law [constitutes]. . . . conduct [that] strikes at
> the heart of our judicial system and violates the strong public policy that supports
> enforcement of forum selection clauses and jurisdiction of federal courts in the United
> States.

(Id. at 7)  Plaintiff "requests that this Court immediately enjoin TV Azteca from continuing or

initiating any further proceedings in Mexico that arise under or relate to the Indenture. . . ." (Id.)

In opposing Plaintiff's motion for an anti-suit injunction, Defendants argue that

principles of international comity control here, and that the request for an anti-suit injunction

should be denied because it "would impinge upon [TV Azteca's] fundamental constitutional and

other rights under Mexican law." (Def. Opp. (Dkt. No. 52) at 5)  Defendants also note that

"[l]itigation here and in Mexico [has] been proceeding simultaneously for a year-and-a-half and

[that] Plaintiff has participated actively in both," demonstrating that "this Court does not need to

act to protect its jurisdiction."  "The Mexican litigations are not interfering with the jurisdiction

of this Court" or "impeding the progress of [the instant] case."  (Id.)  As to irreparable harm,

Defendants assert that Plaintiff "litigated in Mexico for eighteen months without ever claiming

an irreparable injury," and that accordingly Plaintiff has not made the showing necessary to

justify the "drastic remedy" of an anti-suit injunction.  (Id. at 6)

### A.    Threshold Requirements

As noted above, "[a]n anti-suit injunction against parallel [foreign] litigation may

be imposed only if [1.] the parties are the same in both matters, and [2.] resolution of the case

before the enjoining court is dispositive of the action to be enjoined."  Paramedics, 369 F.3d at

652 (citing China Trade, 837 F.2d at 35).

Plaintiff argues that both of these threshold requirements are met here.  (Pltf. Br. (Dkt. No. 47) at 18-21)  As to "[t]he first threshold requirement," Plaintiff points out that "[t]he 'parties need not be identical in both matters so long as the "real parties in interest" are the same'" (id. at 18 (quoting Deutsche Mexico Holdings S.a.r.l. v. Accendo Bank, S.A., Case No. 19 Civ. 8692 (AKH), 2019 WL 5257995, at *5 (S.D.N.Y. Oct. 17, 2019))), and that "[c]ourts have found the parties to be the same 'real parties in interest' where their interests are aligned and/or the non-identical parties are superfluous to the action."  (Id. at 18-19 (citing Int'l Equity Investments, Inc. v. Opportunity Equity Partners Ltd., 441 F. Supp. 2d 552, 562 (S.D.N.Y. 2006); Motorola Credit Corp. v. Uzan, Case No. 02 Civ. 666 (JSR), 2003 WL 56998, at *2 (S.D.N.Y. Jan. 7, 2003)))

Here, Plaintiff "is the Trustee [for the Notes], [and] is effectively a proxy for, and acting at the express direction of, the Noteholders seeking to enforce their interests with respect to the Indenture [as] against the defendant, TV Azteca, and its Guarantors.  In the [f]oreign [a]ctions, the plaintiff is TV Azteca, [which] is seeking to enjoin acceleration and payments of the Notes under the *same Indenture* through litigation against the *same Trustee* safeguarding the rights of the *same Noteholders*."  (Id. at 19 (emphasis in original))  The first threshold requirement is thus met because "[t]he [f]oreign and [d]omestic Actions all involve the same Indenture, the 'real' parties in interest in all these actions are clearly the same – TV Azteca and the Trustee acting at the direction of the Noteholders – and the non-overlapping parties (the Guarantors and the individual Noteholders) are superfluous in that they are not necessary to the requested relief."  (Id.)

As to the second threshold requirement, Plaintiff argues that "'[t]he relevant inquiry is "whether the substance of the claims and arguments raised in the two actions is the

14

same.""" (Id. at 20 (quoting AU New Haven, LLC v. YKK Corp., Case No. 15-cv-3411 (GHW)

(SN), 2018 WL 2128373, at *3 (S.D.N.Y. May 8, 2018) (quoting In re Vivendi Universal, S.A.

Sec. Litig., No. 02-CV-5571 (RJH)(HBP), 2009 WL 3859066, at *6 (S.D.N.Y. Nov. 19, 2009))))

And according to Plaintiff, "[t]his Court's decision in the [d]omestic [a]ction, which is entirely

about TV Azteca's obligations under the Indenture regarding unpaid interest and principal,

would resolve entirely the underlying dispute [in] the [f]oreign [a]ctions (seeking non-

enforcement of the very same Indenture)."  (Id. at 21)

      Defendants do not address whether the threshold requirements for issuance of an

anti-suit injunction are met here.  (See Def. Opp. (Dkt. No. 52))

      As to the first threshold factor, Plaintiff is correct that "[d]ecisions interpreting

China Trade have held that . . . the parties need not be identical in both matters, so long as the

'real parties in interest' are the same. . . ."  Deutsche Mexico Holdings S.a.r.l., 2019 WL

5257995, at *5 (citing Motorola Credit Corp. v. Uzan, No. 02-CV-666, 2003 WL 56998

(S.D.N.Y. Jan. 7, 2003)); see also Paramedics, 369 F.3d at 652-53 (first threshold requirement

satisfied where "[t]he record supports the district court's finding of substantial similarity and

affiliation between [the parties in the New York action] and [the parties in the foreign action]"

(citing Motorola Credit Corp. v. Uzan, No. 02 CIV. 666 (JSR), 2003 WL 56998, at *2 (S.D.N.Y.

Jan. 7, 2003) ("finding sufficient similarity between parties, even though not all parties to the

two actions were identical, because 'the real parties in interest are the same in both matters'");

MasterCard Int'l Inc. v. Argencard Sociedad Anonima, No. 01 CIV. 3027 (JGK), 2002 WL

432379, at *10 (S.D.N.Y. Mar. 20, 2002) ("finding sufficient similarity between parties despite

intervention in foreign action" by an entity that was "'not a necessary party to that action'")));

see also Int'l Equity Invs., Inc., 441 F. Supp. 2d at 562 ("Where parties to the two actions are

affiliated or substantially similar, such that their interests are represented by one another, courts have found the first requirement is met.").

      As to the second threshold factor, "[c]ourts in this Circuit have found anti-suit injunctions appropriate even when the claims in the foreign and domestic actions were not precisely identical, but were at least based on the same underlying dispute." Bailey Shipping Ltd. v. Am. Bureau of Shipping, No. 12 CIV. 5959 KPF, 2013 WL 5312540, at *10 (S.D.N.Y. Sept. 23, 2013) (citing Suchodolski Assocs., Inc. v. Cardell Fin. Corp., No. 03 Civ. 4148(WHP), 2006 WL 10886, at *3 (S .D.N.Y. Jan. 3, 2006), aff'd in relevant part, dismissed in part on other grounds, 261 F. App'x 324 (2d Cir.2008) (summary order); SG Avipro Fin. Ltd. v. Cameroon Airlines, No. 05 Civ. 655(LTS)(DFE), 2005 WL 1353955, at *3 (S.D.N.Y. June 8, 2005)). "The relevant inquiry [as to the second threshold factor] is 'whether the substance of the claims and arguments raised in the two actions is the same.'" AU New Haven, LLC, 2018 WL 2128373, at *3 (quoting In re Vivendi Universal, S.A. Sec. Litig., 2009 WL 3859066, at *6). "Thus, 'the "dispositive" criterion may be satisfied when a foreign proceeding will necessarily render a determination of the "core issue" at the heart of a claim appropriately decided only in a pending domestic action.'" Id. (quoting Bailey Shipping, 2013 WL 5312540, at *9).

      Here, this Court finds that TV Azteca is a party to the July 2022 Mexican Action, the September 2022 Mexican Action, and the instant action. In all three cases, TV Azteca contends that it need not satisfy certain financial obligations under the Indenture arising out of its alleged default on $400 million in unsecured notes. (See Jun. 28, 2024 Castillo Decl., Ex. 2 (Jul. 8, 2022 Mexican Cmplt.) (Dkt. No. 49-2); id., Ex. 7 (Sept. 22, 2022 Mexican Cmplt.) (Dkt No. 49-7); Def. Br. (Dkt. No. 9) at 19-21 (outlining Defendants' arguments in opposition to Plaintiff's motion for summary judgment in lieu of complaint)) Moreover, Defendants in the

instant action – TV Azteca and its subsidiary guarantors – "are affiliated or substantially similar"
to TV Azteca in the two Mexican actions, "such that their interests are represented by one
another." Int'l Equity Invs., 441 F. Supp. 2d at 562.

The Bank of New York Mellon – in its capacity as indenture trustee for the Notes
– is a party to both the instant domestic action and the September 2022 Mexican Action. In both
actions, The Bank of New York Mellon seeks to assert the Noteholders' interests against TV
Azteca arising out of TV Azteca's alleged default on $400 million in unsecured notes under the
Indenture. (See MSJ in Lieu of Cmplt. (Dkt. No. 1-1); Jun. 28, 2024 Castillo Decl., Ex. 7 (Sept.
22, 2022 Mexican Cmplt.) (Dkt No. 49-7)) And while The Bank of New York Mellon is not a
party to the July 2022 Mexican Action, the defendants in that action are Noteholders who
similarly seek to enforce their interests against TV Azteca related to TV Azteca's alleged default
on $400 million in unsecured notes under the Indenture. (See Jun. 28, 2024 Castillo Decl., Ex. 2
(Jul. 8, 2022 Mexican Cmplt.) (Dkt. No. 49-2)) And TV Azteca has requested in its complaint in
the July 2022 Mexican Action that The Bank of New York Mellon "be called as [a] third part[y],
by virtue of the capacity [it has] in relation to the Indenture, namely, [it was] appointed as
Trustee . . . in relation to the Agreement and Bonds issued thereunder, for which reason it is
considered that [it] should be bound by the judgment, if any, that may be issued in this
proceeding." (Id. at 77-78) The Court concludes that Plaintiff is "affiliated or substantially
similar" to the defendants in the two Mexican actions, "such that their interests are represented
by one another. . . ." Int'l Equity Invs, 441 F. Supp. 2d at 562.

In sum, while the parties in the instant domestic action are not identical to the
parties in the two Mexican actions, the "real parties in interest" are the same in all three cases.
The first threshold factor is therefore satisfied. See, e.g., AU New Haven, 2018 WL 2128373, at

*2 (While party in domestic action was not identical to party in foreign action, the court

concluded that both parties' "interests in the two actions are undoubtedly aligned. Both seek to

demonstrate that YKK's products were covered by the Japanese Patent. . . . [Accordingly,] [t]he

parties in the two actions are the same for purposes of the anti-suit injunction."); see also

Eastman Kodak Co. v. Asia Optical Co., 118 F. Supp. 3d 581, 587 (S.D.N.Y. 2015) (holding that

"[t]he first [threshold] requirement is satisfied," and noting that "[t]he presence of . . . an

additional plaintiff [in the foreign action] does not alter this conclusion.").

      As to the second threshold factor, this Court concludes that a decision in the

instant domestic action would be dispositive of the Mexican actions, because all three cases

concern Defendants' financial obligations arising out of TV Azteca's alleged default on $400

million in unsecured notes issued under the Indenture. As discussed above, both the July 2022

Mexican Action and the September 2022 Mexican Action concern TV Azteca's obligations

related to its alleged default on the same unsecured notes issued under the Indenture. See, e.g.,

AU New Haven, 2018 WL 2128373, at *3 (finding the second threshold factor met because

"[r]esolution of the present action will require the Court to decide the same underlying dispute –

whether the products YKK sold in Japan were covered by the Japanese Patent and the [executive

licensing agreement] – and thus will be dispositive of the Japanese action.")

      For all these reasons, both threshold requirements are satisfied here.

**B.**      ***China Trade* Factors Bearing on the Propriety of Granting Injunctive Relief**

      Where, as here, the threshold requirements for enjoining foreign litigation are

satisfied, a court must go on to consider whether "(1) [absent an injunction,] frustration of a

policy in the enjoining forum [will ensue]; (2) [absent an injunction,] the foreign action would be

vexatious; (3) [the foreign proceedings present] a threat to the issuing court's . . . jurisdiction; (4)

the proceedings in the other forum prejudice other equitable considerations; [and] (5)

adjudication of the same issues in separate actions would result in delay, inconvenience, expense, inconsistency, or a race to judgment.'" China Trade, 837 F.2d at 35 (quoting American Home Assurance, 603 F.Supp at 643).

   Plaintiff contends that all of these factors weigh in its favor, arguing that (1) absent an injunction, the Mexican actions will frustrate this nation's public policy of enforcing forum selection clauses; (2) the ex parte injunctions obtained by TV Azteca in the Mexican actions have been vexatious; (3) the forum selection clause grants this Court exclusive jurisdiction over any dispute related to the Indenture, and this Court's exclusive jurisdiction is threatened by the Mexican actions; (4) equitable considerations support the issuance of an anti-suit injunction, given that TV Azteca has engaged in forum shopping in violation of the forum selection clause; and (5) allowing the Mexican actions to proceed in violation of the forum selection clause would cause further delay, inconvenience, expense, and risk inconsistent rulings. (See Pltf. Br. (Dkt. No. 47) at 21-28)

   In response, Defendants argue that analysis of the first and third China Trade factors here – whether the Mexican actions frustrate this nation's public policy interests, and whether the Mexican actions threaten this Court's jurisdiction – "weigh[s] against the issuance of an injunction," as does the equitable consideration of international comity. (Def. Opp. (Dkt. No. 52) at 11-12) Defendants do not substantively address the second and fifth China Trade factors – vexatiousness and delay, inconvenience, and expense – contending that although "courts typically consider [these] additional factors . . . , [they] are of lesser importance because they will likely 'be present whenever parallel actions are proceeding concurrently,' and so 'an anti-suit injunction grounded on these additional factors alone would tend to undermine the policy that

allows parallel proceedings to continue and disfavors anti-suit injunctions.'" (Id. at 12 (quoting China Trade, 837 F.2d at 36))

Although "[t]he first and third [China Trade] factors . . . are of increased importance," Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V., No. 23-CV-11168 (JGLC), 2024 WL 1743109, at *5 (S.D.N.Y. Apr. 23, 2024) (citing China Trade, 837 F.2d at 36), and while "principles of comity counsel that injunctions restraining foreign litigation be 'used sparingly' and 'granted only with care and great restraint,'" Paramedics, 369 F.3d at 653 (quoting China Trade, 837 F.2d at 36), the Second Circuit has made clear "that all of the [China Trade] factors should be considered when determining whether an anti-suit injunction is warranted." Karaha Bodas, 500 F.3d at 119 (emphasis in original).

Accordingly, this Court analyzes below each of the China Trade factors.

**1.    Frustration of a Domestic Public Policy**

In determining whether to issue an anti-suit injunction, a court must consider "whether the foreign proceeding threatens a strong public policy . . . of the domestic forum." Paramedics, 369 F.3d at 654.

Plaintiff argues that "[i]t is well established that 'there is a strong public policy in enforcing forum selection clauses'" (Pltf. Br. (Dkt. No. 47) at 21 (quoting Forbes, 2024 WL 1743109, at *5)), and "[h]ere[] there is no dispute that the Indenture contains a valid forum selection clause whereby each party 'irrevocably consents and submits to the exclusive jurisdiction of the New York courts' regarding 'any suit, action or proceeding . . . arising [from] or relating to this Indenture.'" (Id. at 22 (quoting Jun. 28, 2024 Qureshi Decl., Ex. 2 (Indenture) (Dkt. No. 48-2) at 106)) Plaintiff further contends that "through the [f]oreign [a]ctions – where TV Azteca argues that it does not have to make any payment under the Indenture and that no such payments can be compelled – TV Azteca seeks to litigate in Mexico issues that are plainly

'arising from or relating to' the Indenture." (Id.)  According to Plaintiff, the Mexican actions

thus constitute "a clear violation of the [f]orum [s]election [c]lause and undermine this Court's

strong public policy in ensuring that such forum selection clauses are enforced." (Id.)

Defendants respond that "the majority of cases relied upon by Plaintiff for the

issuance of an anti-suit injunction involved an arbitration clause."  According to Defendants,

these cases are distinguishable because "[t]he enforceability of arbitration clauses is the subject

of a federal statute and international treaties to which the United States is a party, and the Second

Circuit has been consistent and clear that a foreign litigation cannot disrupt arbitration

proceedings that parties had validly agreed to." (Def. Opp. (Dkt. No. 52) at 14 (citing Karaha

Bodas Co., 500 F.3d at 126; Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., No. 1:10-cv-01853-

PGG-JCF, 2010 WL 1050988, at *6 (S.D.N.Y. Mar. 23, 2010)))  Here, by contrast, "there has

been no . . . ongoing frustration of any 'strong' public policy of this forum." (Id. at 15)

Defendants do not dispute, however, that the Indenture contains a forum selection

clause that clearly states that each party "irrevocably consents and submits to the exclusive

jurisdiction" of New York courts regarding "any suit, action or proceeding . . . arising out of or

relating to this Indenture. . . ."  (Jun. 28, 2024 Qureshi Decl., Ex. 2 (Indenture) (Dkt. No. 48-2) at

106)  And contrary to Defendants' argument, it is this nation's strong public policy to favor

enforcement of forum selection clauses.  Martinez v. Bloomberg LP, 740 F.3d 211, 218 (2d Cir.

2014) ("The presumptive enforceability of forum selection clauses reflects a strong federal

public policy . . . which would . . . be undermined if another body of law were allowed to govern

the enforceability of a forum selection clause."); Lipson v. Birch, 46 F. Supp. 3d 206, 213–14

(E.D.N.Y. 2014) ("As the Supreme Court and the Second Circuit have made clear, there is a

strong federal policy in favor of enforcing forum selection clauses." (citing Roby v. Corp. of

Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993); Aguas Lenders Recovery Grp., LLC v. Suez, S.A.,

585 F.3d 696, 700 (2d Cir. 2009)); Northwell Health, Inc. v. Grp. Hospitalization & Med. Servs.,

Inc., No. 2:23-CV-01268 (LDH) (ARL), 2024 WL 5213366, at *7 (E.D.N.Y. Dec. 24, 2024)

("There is a strong federal policy in favor of the enforcement of forum selection clauses." (citing

M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-10 (1972); Roby, 996 F.2d at 1361)); Roby,

996 F.2d at 1361 (noting that parties' arguments about the scope of a forum selection clause

must be made "in the face of strong public policy in favor of forum selection . . . clauses").

Moreover, "[t]he need to enforce forum-selection clauses is perhaps greatest in the international

arena," CCM Pension-A, L.L.C. v. Republic of Argentina, No. 16-CV-1650 (TPG), 2016 WL

4154892, at *2 (S.D.N.Y. Aug. 2, 2016) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S.

1, 9 (1972)), because "[t]he elimination of all such uncertainties by agreeing in advance on a

forum acceptable to both parties is an indispensable element in international trade, commerce,

and contracting." M/S Bremen, 407 U.S. at 13-14.

      Consistent with these precedents, courts in this Circuit have found the first China

Trade factor satisfied where a foreign suit is filed in violation of a forum selection clause. See,

e.g., Int'l Equity Invs., 441 F. Supp. 2d at 563 ("Such attempts to make end runs around the

forum selection clause and this Court's jurisdiction cannot be tolerated. Indeed, the justification

for an anti-suit injunction 'crests' when a party seeks the aid of a foreign proceeding 'in a blatant

attempt to evade the rightful authority of the forum court.'" (quoting Quaak v. Klynveld Peat

Marwick Goerdeler Bedrijfsrevisoren, 361 F.3d 11, 20 (1st Cir. 2004))); Deutsche Mexico

Holdings S.a.r.l., 2019 WL 5257995, at *6 ("The Mexico Injunction plainly attempts to

'sidestep' or make an 'end run[ ]' around the Purchase Agreement's forum selection clause, and

that cannot be permitted." (quoting Storm LLC v. Telenor Mobile Comms. AS, No. 06-cv-

13157, 2006 WL 3735656, at *9 (S.D.N.Y. Dec. 15, 2006))); JPMorgan Chase Bank, N.A. v.

VTB Bank, P.J.S.C., No. 1:24 CIV. 02924 (LGS), 2024 WL 1833606, at *1-2 (S.D.N.Y. Apr.

26, 2024) (given forum selection clause providing that lawsuits arising out of an "Account

Terms" agreement "governing [a particular] correspondent bank account held at JPMorgan"

must proceed in New York state or federal courts, foreign action threatened the strong public

policy of the United States, because "[b]oth the United States and New York strongly favor

enforcement of forum selection clauses").

   Here, both the July 2022 Mexican Action and the September 2022 Mexican

Action concern TV Azteca's financial obligations arising out of its alleged default on notes

issued under the Indenture.  Both foreign suits thus "aris[e] [from] or relat[e] to [the] Indenture"

(Jun. 28, 2024 Qureshi Decl., Ex. 2 (Indenture) (Dkt. No. 48-2) at 106), and both actions violate

the Indenture's forum selection clause.  Accordingly, analysis of the first China Trade factor

indicates that an anti-suit injunction should issue.  See, e.g., Forbes, 2024 WL 1743109 at *5

(finding that there is a strong public policy in favor of enforcing forum selection clauses, and

concluding that first China Trade factor favored issuance of anti-suit injunction where applicable

agreement designated New York state and federal courts as the "exclusive fora for 'any legal

action or proceedings arising out of or in connection with [the agreement]'").

   **2.**  **Vexatiousness**

   In determining whether to issue an anti-suit injunction, courts also consider

whether – absent an injunction – "the foreign action would be vexatious."  China Trade, 837

F.2d at 35 (internal quotations and citation omitted).

   Here, Plaintiff argues that TV Azteca's conduct "at every stage" of the Mexican

litigations "has been nothing but vexatious."  (Pltf. Br. (Dkt. No. 47) at 24)  In this regard,

Plaintiff cites the multiple ex parte injunctions TV Azteca has sought and obtained in Mexican

courts. According to Plaintiff, TV Azteca provided "no notification of [the requested injunctions] . . . at the time they were sought," and "TV Azteca failed to inform either the bankruptcy court [in this District] or this Court [of the injunctions]." (Id.)

    As noted above, Defendants do not substantively address vexatiousness, and instead merely assert that vexatiousness "will likely 'be present whenever parallel [foreign] actions are proceeding concurrently [with a domestic action]. . . .'" (Def. Opp. (Dkt. No. 52) at 12 (quoting China Trade, 837 F.2d at 36))

    Courts have found foreign actions vexatious where they are filed ex parte or in violation of the parties' valid agreements. Jolen, Inc. v. Kundan Rice Mills, Ltd., No. 19-CV-1296 (PKC), 2019 WL 1559173, at *4 (S.D.N.Y. Apr. 9, 2019) ("The Indian suit is also vexatious because it was filed ex parte. . . . It is also the second such suit filed in India seeking an end run around the parties' agreement to arbitrate disputes." (internal citations omitted)); see also Storm LLC v. Telenor Mobile Communications AS, No. 06 CIV. 13157 GEL, 2006 WL 3735657, at *9 (S.D.N.Y. Dec. 15, 2006) ("The foreign litigation here has been conducted in the most vexatious way possible. Telenor has found its interests undermined by litigation to which it has not been made a party, and of which it has not even received notice until after orders have been entered.").

    As discussed above, both the July 2022 Mexican Action and the September 2022 Mexican Actions were filed in violation of the parties' forum selection clause. Moreover, it is undisputed that in both Mexican actions TV Azteca sought and obtained injunctions on an ex parte basis and without notice to Plaintiff. (See Def. Opp. (Dkt. No. 52) at 7 ("[T]he Mexican complaints and preliminary injunctions were obtained on an ex parte basis without notice.")) Given these circumstances, the Mexican actions are vexatious. See, e.g., Forbes, 2024 WL

1743109, at *6 ("The Mexico Injunction is vexatious because it was filed <u>ex</u> <u>parte</u>. . . . Additionally, allowing the Mexico Injunction to be maintained will force Petitioner to challenge it in the Mexico courts, undermining Petitioner's rights to the agreed upon forum." (internal citations omitted)).

Accordingly, the second <u>China Trade</u> factor weighs in favor of issuing an anti-suit injunction.

### 3.    Threat to Enjoining Court's Jurisdiction

Under the third <u>China Trade</u> factor, courts consider whether a foreign action is "a threat to the [enjoining] court's . . . jurisdiction. . . ." <u>China Trade</u>, 837 F.2d at 35 (internal quotations and citation omitted).

Plaintiff argues that here "[t]he [f]oreign [a]ctions are a clear threat to this Court's exclusive jurisdiction to adjudicate disputes arising under the Indenture." (Pltf. Br. (Dkt. No. 47) at 25)

In response, Defendants contend that the two Mexican actions are merely "parallel proceedings that do not threaten this Court's exercise of jurisdiction." (Def. Opp. (Dkt. No. 52) at 12) In this regard, Defendants note that the Mexican actions "have not reached any final judgments and are being litigated on the merits" (<u>id.</u> at 12-13), and that "[l]itigation here and in Mexico [has] been proceeding simultaneously for a year-and-a-half and Plaintiff has participated actively in both [Mexican actions]. . . ." (<u>Id.</u> at 5) Defendants also assert that the "Mexican injunctions do not have extraterritorial effect; they do not enjoin Plaintiff from taking any actions in this Court (or elsewhere in the U.S.), and do not purport to limit any aspect of this Court's jurisdiction." (<u>Id.</u> at 7)

Courts in this Circuit have found, however, that a foreign action threatens the enjoining court's jurisdiction where the foreign action contravenes a forum selection clause that

the parties agreed to.  Int'l Equity Invs., 441 F. Supp. 2d at 563 ("Such attempts to make end

runs around the forum selection clause and this Court's jurisdiction cannot be tolerated.");

JPMorgan Chase Bank, N.A., 2024 WL 1833606, at *2 ("The Russian Action threatens the

exclusive jurisdiction of this forum, which VTB agreed to in the parties' contract. . . ."); Forbes,

2024 WL 1743109, at *6 ("Because the Agreement provides for New York courts to have

exclusive jurisdiction over any disputes raised under the Agreement, this factor weighs slightly

in favor of an anti-suit injunction.").

      As discussed above, it is undisputed here that the Indenture contains a forum

selection clause providing that each party to the Indenture "irrevocably consents and submits to

the exclusive jurisdiction" of New York courts regarding "any suit, action or

proceeding . . . arising out of or relating to this Indenture. . . ."  (Jun. 28, 2024 Qureshi Decl., Ex.

2 (Indenture) (Dkt. No. 48-2) at 106)  The July 2022 Mexican Action and the September 2022

Mexican Action thus violate the Indenture's forum selection clause.  And because the forum

selection clause confers exclusive jurisdiction on this Court, Defendants – in pursuing the

Mexican actions – are seeking to evade "the rightful authority of the forum court" and

threatening "this Court's jurisdiction."  See Int'l Equity Invs., 441 F. Supp. 2d at 563 (internal

quotations and citations omitted).

      For all these reasons, the third China Trade factor weighs in favor of enjoining the

Mexican actions.

### 4.     **Equitable Considerations**

      Under the fourth China Trade factor, courts consider whether the foreign

proceedings "prejudice other equitable considerations. . . ."  China Trade, 837 F.2d at 35

(internal quotations and citations omitted).

Plaintiff argues that the equities weigh in its favor here because (1) despite "the fact that the Indenture clearly has a forum selection clause that requires *all* disputes surrounding the Indenture to be brought in New York, TV Azteca has filed multiple suits and multiple <u>ex parte</u> injunctions in Mexico with the goal of delaying any resolution of this matter"; and (2) "TV Azteca is making directly contradictory arguments in different fora" about the validity of the forum selection clause, the reach of this Court's jurisdiction, and whether TV Azteca owes interest or principal under the Indenture, and is thus engaged in "blatant and express forum shopping." (Pltf. Br. (Dkt. No. 47) at 26-27 (emphasis in original) (citing Jun. 28, 2024 Qureshi Decl., Ex. 11 (Bankruptcy Joint Stip. Uncontested Facts) (Dkt. No. 48-11) and Jun. 28, 2024 Castillo Decl. (Dkt No. 49) ¶¶ 17, 20-21))

Defendants do not substantively respond to Plaintiff's arguments, but instead assert that "[t]he Second Circuit has held that international comity typically 'allows parallel proceedings to continue and disfavors anti-suit injunctions.'" (Def. Opp. (Dkt. No. 52) at 11 (quoting <u>China Trade</u>, 837 F.2d at 36)) According to Defendants, "principles of comity apply with particular force here, because . . . the relief sought by Plaintiff would impinge upon fundamental constitutional and other rights under Mexican Law." (<u>Id.</u> at 5) In this regard, Defendants argue that "Mexican citizens have a constitutional right to have justice administered by Mexican courts, and that right may not be restricted or impinged." Because "TV Azteca is a public company that trades on the Mexican stock exchange," it "is accountable to public shareholders and regulators in Mexico." (<u>Id.</u> at 11-12 (citing Voigt Decl. (Dkt. No. 53) ¶¶ 5–8, 11))

While <u>China Trade</u> states that "international comity" requires that "an anti-foreign-suit injunction should be 'used sparingly,' and should be 'granted only with care and

great restraint,'" China Trade, 837 F.2d at 35-36 (internal citations omitted), "[f]ederal courts

generally extend comity [only where] the foreign court has proper jurisdiction and enforcement

does not prejudice the rights of United States citizens or violate domestic public policy." Victrix

S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987).  As discussed above,

this Court has exclusive jurisdiction over suits arising from or related to the Indenture, and the

Mexican actions initiated by TV Azteca violate this nation's strong policy of enforcing forum

selection clauses.  See Martinez, 740 F.3d at 218.  Given these circumstances, international

comity concerns do not justify denying a request for an anti-suit injunction.

    Moreover, "equitable considerations such as deterring forum shopping favor [the

imposition of foreign anti-suit injunctions]. . . ," Ibeto Petrochemical Indus. Ltd. v. M/T Beffen,

475 F.3d 56, 64 (2d Cir. 2007), particularly where "the timing of the foreign proceeding's

commencement suggests that the party initiating that proceeding is seeking 'to distract the parties

from litigating the claims here in favor of a more convenient forum.'"[4]  AU New Haven, 2018

WL 2128373 at *4 (quoting Keep on Kicking Music, Ltd. v. Hibbert, 268 F. Supp. 3d 585, 591

(S.D.N.Y. 2017)).

    And Defendants do not dispute Plaintiff's claim that they have made

contradictory arguments before the U.S. Bankruptcy Court and the Mexican courts as to the

validity of the forum selection clause, the reach of this Court's jurisdiction, and whether TV

Azteca owes principal and interest under the Indenture.

---

[4]  TV Azteca filed the September 2022 Mexican Action on September 22, 2022, about four
weeks after Plaintiff filed the instant action in Supreme Court of the State of New York, New
York County.  (See MSJ in Lieu of Cmplt. (Dkt. No. 1-1); Jun. 28, 2024 Castillo Decl., Ex. 7
(Sept. 22, 2022 Mexican Cmplt.) (Dkt No. 49-7); Jun. 28, 2024 Castillo Decl. (Dkt No. 49) ¶ 16)

Given all of these circumstances, the fourth China Trade factor supports issuance

of an anti-suit injunction.  See Alstom Chile S.A. v. Mapfre Compania De Seguros Generales

Chile S.A., No. 13 CIV. 2416 LTS DCF, 2013 WL 5863547, at *4 (S.D.N.Y. Oct. 31, 2013)

("[E]quitable considerations favor enjoining Defendant from pursuing the Chilean Action, as the

Court must deter forum shopping and it appears here that Defendant sought an alternative forum

to avoid the application of New York law."); Stolt Tankers BV v. Allianz Seguros, S.A., No. 11

CIV. 2331 SAS, 2011 WL 2436662, at *5 (S.D.N.Y. June 16, 2011) ("[T]he equitable

considerations involved, such as deterring forum shopping, also compel enjoining the foreign

action.").

### 5.     Delay, Inconvenience, Expense, and Risk of Inconsistent Judgments

Under the fifth China Trade factor, courts consider whether "adjudication of the

same issues in separate actions would result in delay, inconvenience, expense, inconsistency, or a

race to judgment."  China Trade, 837 F.2d at 35 (internal quotations and citations omitted).

Plaintiff argues that "[h]ere, as a result of the [f]oreign [a]ctions, [it] has been

forced to hire Mexican counsel, litigate in two different countries, and coordinate with two

different sets of opposing counsel.  These inconveniences and additional expenses will only

continue if the [f]oreign [a]ctions are permitted to proceed."  (Pltf. Br. (Dkt. No. 47) at 27)

Plaintiff further contends that "there is a risk of inconsistent rulings so long as the [d]omestic and

[f]oreign [a]ctions – both of which are adjudicating the same issues – proceed simultaneously, all

of which cuts in favor of granting an anti-suit injunction."  (Id. at 27-28)

As discussed above, Defendants do not substantively address this factor, stating

merely that delay, inconvenience, added expense, and the potential for inconsistent results "will

likely be 'present whenever parallel actions are proceeding concurrently. . . .'"  (Def. Opp. (Dkt.

No. 52) at 12 (quoting China Trade, 837 F.2d at 36))

In <u>Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.</u>, No. 10 CIV. 1853 (PGG), 2010

WL 1050988, (S.D.N.Y. Mar. 23, 2010), this Court considered a motion to enjoin litigation in

India, where the parties had agreed to submit any disputes to arbitration in New York.  In

concluding that the fifth <u>China Trade</u> factor favored issuance of an anti-suit injunction, the Court

noted that "costs and . . . inconvenience will only increase if Amaprop is required to appear in

the Indian proceedings in order to attempt to persuade the Indian court that the arbitration clause

the parties agreed to should be honored.  Parties enter into binding arbitration clauses –

particularly in the international setting – precisely in order to avoid such costs and

inconvenience." <u>Id.</u> at *7 (citing <u>Storm</u>, 2006 WL 3735657, at *9).

The logic of <u>Amaprop</u> applies with equal force here, where the parties entered

into a forum selection clause that provides for any disputes to be resolved in New York.  And the

existence of the Mexican actions also presents a risk of inconsistent judgments.  Accordingly, the

fifth <u>China Trade</u> factor weighs in favor of enjoining the Mexican actions.  <u>See Ibeto</u>, 475 F.3d at

64-65 (affirming district court ruling enjoining Nigerian litigation where the parties had entered

into an arbitration provision providing for disputes to be resolved in London; "'it is likely that

adjudication of the same issues in two separate actions would result in inconvenience,

inconsistency, and a possible race to judgment'" (citations omitted)).

*      *      *      *

For the reasons stated above, all of the <u>China Trade</u> factors weigh in favor of

issuing an anti-suit injunction.

**C.      <u>Whether the Requirements for a Preliminary Injunction Are Met</u>**

As discussed above, "[o]nce the . . . court has addressed the propriety of imposing

an anti-suit injunction under the <u>China Trade</u> test, the . . . court must then make findings on

whether it is appropriate to enter a <u>preliminary</u> injunction. . . ." <u>In re Millenium Seacarriers</u>, 458

30

F.3d at 98 (emphasis in original); <u>Dandong</u>, 2011 WL 6156743, at *3 ("In addition to satisfying the <u>China Trade</u> test, recent Second Circuit case law has held that a party seeking a preliminary anti-suit injunction must also satisfy the traditional test for a preliminary injunction." (citing <u>Software A.G.</u>, 323 Fed. Appx. at 12 (summary order) and <u>In re Millenium Seacarriers, Inc.</u>, 458 F.3d at 98)).

"A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." <u>N. Am. Soccer League</u>, 883 F.3d at 37.

Plaintiff contends that it has met the requirements for a preliminary injunction because (1) forcing Plaintiff to litigate in Mexican courts in violation of the forum selection clause constitutes irreparable harm; (2) Plaintiff has demonstrated a likelihood of success on the merits as to whether an anti-suit injunction should be issued; and (3) enforcing the forum selection clause through an anti-suit injunction is in the public interest. (Pltf. Br. (Dkt. No. 47) at 28-30)

Defendants respond that "Plaintiff has failed to show any imminent, irreparable harm," and note that "Plaintiff has actively participated in the Mexican Litigations for nearly eighteen months."[5] (Def. Opp. (Dkt. No. 52) at 16)

### 1.    <u>Irreparable Harm</u>

As to irreparable harm, Plaintiff argues that "[i]t is well established that 'dragging Petitioners into litigation in a court other than the court having exclusive jurisdiction under the

---

[5] Defendants do not address likelihood of success or the public interest. (<u>See</u> Def. Opp. (Dkt. No. 52))

[Indenture] constitutes irreparable harm.'" (Pltf. Br. (Dkt. No. 47) at 28 (quoting Deutsche

Mexico Holdings S.a.r.l., 2019 WL 5257995, at *7)) According to Plaintiff, it is "*currently*

being irreparably harmed because [it is] being forced to defend [itself] in a forum other than the

one to which [it] contractually agreed." (Pltf. Reply (Dkt. No. 54) at 13 (emphasis in original))

        Defendants respond that – given that Plaintiff waited eighteen months before

filing its motion – it cannot credibly contend that it faces "imminent" harm. (Def. Opp. (Dkt.

No. 52) at 16)

        "To show irreparable harm under the first prong of the preliminary injunction test,

[a plaintiff] must demonstrate that absent a preliminary injunction [it] will suffer an injury that is

neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a

court waits until the end of the trial to resolve the harm." AU New Haven, 2018 WL 2128373, at

*4 (internal quotations and citations omitted). Where a party faces foreign litigation in

contravention of a forum selection clause, and seeks an anti-suit injunction, courts in this Circuit

have found irreparable harm. See Deutsche Mexico Holdings S.a.r.l., 2019 WL 5257995, at *7

("[I]t is undeniable that dragging Petitioners into litigation in a court other than the court having

exclusive jurisdiction under the Purchase Agreement constitutes irreparable harm."); Forbes,

2024 WL 1743109, at *7 ("[I]rreparable harm is shown when a party violates the forum selection

clause of an agreement, thereby forcing the other party to litigate in an improper forum. . . . [I]f

litigation were permitted to proceed in the Mexican courts, the benefit of the forum selection

clause in the Agreement would be lost." (internal quotations and citations omitted)); Int'l

Fashion Prods., B.V. v. Calvin Klein, Inc., No. 95 CIV. 0982 (JFK), 1995 WL 92321, at *2

(S.D.N.Y. Mar. 7, 1995) ("[T]he agreement at issue clearly states that New York is the chosen

forum for all disputes. The Court therefore finds that CKI would suffer irreparable harm by being forced to defend the writ in the Netherlands.").

As discussed above, here the Mexican actions were filed in violation of the Indenture's forum selection clause, indicating that Plaintiff is suffering irreparable harm by being forced to litigate these actions in Mexican courts.

Defendants argue, however, that "Plaintiff's delay in bringing this motion discredits any allegation of the 'imminence' of any harm." (Def. Opp. (Dkt. No. 52) at 16) And according to Defendants, "[i]t is well settled that '[e]quity counsels against granting an injunction when a Petitioner unreasonably and inexcusably delays seeking an injunction.'" (Id. at 17 (quoting Cybernaut Cap. Mgmt. Ltd. v. Partners Grp. Access Secondary 2008, L.P., No. 1:13-cv-05380-WHP, 2013 WL 4413754, at *6 (S.D.N.Y. Aug. 7, 2013)))

Plaintiff responds that "while [it] was on notice of the [f]oreign [a]ctions in 2023, the issue became more salient when the Sixty Third Superior Court [of Mexico issued a January 25, 2024 order denying a motion] to vacate the September [27, 2022] [i]njunction, notwithstanding that COVID-19" – the stated rationale for the injunction – "was no longer a health emergency. . . ." (Pltf. Br. (Dkt. No. 47) at 28 n.24 (citing Jun. 28, 2024 Castillo Decl. (Dkt. No. 49) ¶¶ 44, 47)) While Plaintiff appealed the January 25, 2024 order denying the motion to vacate the September 27, 2022 injunction, "[o]n July 8, 2024, the Third Superior Court of Appeals [in Mexico] affirmed the lower court's refusal to vacate the September [27, 2022] [i]njunction. . . ." (Aug. 14, 2024 Castillo Decl. (Dkt. No. 56) ¶ 4; see also Pltf. Reply (Dkt. No. 54) at 13) In sum, Plaintiff argues that, "[t]o the extent there has been any 'delay,' it is due to the ever-changing circumstances surrounding the [f]oreign [a]ctions." (Pltf. Reply (Dkt. No. 54) at 13 n.13) Plaintiff also argues that "other courts have ordered anti-suit injunctions following far

longer delays and when the foreign litigation was far closer to completion." (Pltf. Br. (Dkt. No. 47) at 28 n.24 (citing Bailey Shipping, 2013 WL 5312540, at *10, 17))

In Bailey Shipping, 2013 WL 5312540, the court considered an application to enjoin a Greek litigation in the face of a contractual provision providing that all disputes would be resolved in arbitration in New York. The parties seeking an injunction "permitted 13 months to elapse without seeking to prevent [their adversary] from pursuing its claims in Greece, during which time the parties conducted discovery and prepared for the Greek trial." Bailey Shipping, 2013 WL 5312540, at *7. The court concluded, however, that the thirteen-month gap did not preclude a finding of irreparable harm, because "[t]hough [movants] could have applied with more haste for the relief they seek here, the ongoing dispute over the arbitration throughout the late summer, and the parties' recent filing of their final submissions in the Greek court, provide adequate explanation for the delay in seeking this relief." Id. at *17 (internal citations omitted).

The Bailey Shipping court went on to say that it did not

> approve[] of [movants'] decision to file this injunction one week prior to the Greek proceeding. . . . However, given the complex and extensive interactions between the parties and with the Greek court over the last year, the Court cannot conclude that [movants] were simply failing to defend their interests in a way that waived their right to seek injunctive relief.

Id. at *17 n.14.

Here, while Plaintiff "could have applied with more haste for the relief [it] seek[s]," id. at *17, "given the complex and extensive interactions between the parties and with the [Mexican courts] over the [eighteen months preceding the instant motion], the Court cannot conclude that [Plaintiff was] simply failing to defend [its] interests in a way that waived [its] right to seek injunctive relief." Id. at *17 n.14. Indeed, Plaintiff represents that it "has always maintained that Mexico is not the appropriate venue and has (and continues to) seek to contest

the jurisdiction of Mexican courts." (Pltf. Reply (Dkt. No. 54) at 14 (citing Jun. 28, 2024

Castillo Decl. (Dkt. No. 49) ¶¶ 29-36) (describing jurisdictional challenges Plaintiff has made to

the Mexican actions in Mexican courts))) The Court concludes that – given these circumstances

– Plaintiff's delay in filing the instant motion does not justify denying injunctive relief, and

further concludes that Plaintiff has demonstrated that it will continue to suffer irreparable harm

absent an injunction.

### 2.     Likelihood of Success on the Merits

As to the second element – likelihood of success on the merits – Plaintiff argues

that "[n]umerous courts have stated that the operative question is whether the petitioning party

can demonstrate success regarding ***the anti-suit injunction, not the underlying claim***." (Pltf. Br.

(Dkt. No. 47) at 29 (emphasis in original) (citing Deutsche Mexico Holdings S.a.r.l., 2019 WL

5257995, at *6)) According to Plaintiff, "[i]t is clear that TV Azteca ignored and sought to avoid

the [f]orum [s]election [c]lause when it filed the [f]oreign [a]ctions, which are focused on TV

Azteca's payment obligations under the Indenture," and accordingly Plaintiff "can demonstrate a

likelihood of success on the merits." (Id.)

As noted above, Defendants have not substantively addressed the likelihood of

success on the merits element. (See Def. Opp. (Dkt. No. 52))

In the anti-suit injunction context, courts in this District have held that it is

"appropriate to consider the movant's likelihood of success on the merits by assessing whether it

can satisfy the China Trade test." Bailey Shipping, 2013 WL 5312540, at *18. In Bailey

Shipping, for example, the court found that this "narrower . . . approach" was appropriate,

because "[t]he 'merits' that [movants] seek to vindicate through this injunction are, properly

understood, their right to arbitrate the negligent misrepresentation issue without the impairment

of that right threatened by the claims in the Greek action whose legal substance is identical to the

negligent misrepresentation dispute." Id; see also WTA Tour, Inc. v. Super Slam Ltd., 339 F.

Supp. 3d 390, 406 (S.D.N.Y. 2018) ("As to the first prong, Petitioners are correct that the

relevant inquiry is the likelihood of success on the merits of their argument that the claims must

be submitted to arbitration – not, as respondents claim, on the merits of the substantive foreign

law claims."); Deutsche Mexico Holdings S.a.r.l., 2019 WL 5257995 at *6 (". . . as other courts

in this district have concluded, the correct question is whether Petitioners are likely to succeed on

their claim that obtaining the Mexico Injunction in the first instance ran afoul of the Purchase

Agreement, not who is likely to win the arbitration itself.").

      Here, as in Bailey Shipping, the "merits" of the claim Plaintiff seeks to vindicate

through the instant motion is its right under the forum selection clause to litigate disputes arising

from or related to the Indenture in New York, rather than in Mexico.  And for the reasons

discussed above, Plaintiff has satisfied all of the China Trade factors, and thus shown its

likelihood of success on the merits of that claim.  See Int'l Fashion Prods., 1995 WL 92321 at *2

("The forum selection clause in the agreement underlying this action clearly specifies New York

as the only appropriate forum.  The Court therefore finds that CKI has demonstrated a

probability of success on the merits of its claim that this action should be prosecuted here rather

than in the Netherlands."); Forbes, 2024 WL 1743109, at *7 ("Petitioner has also shown a

likelihood of success on the merits.  In evaluating this element, 'the correct question is whether

Petitioner[ ] [is] likely to succeed on [its] claim that obtaining the Mexico Injunction in the first

instance ran afoul of the [Agreement]. . . .' By filing for the Mexico Injunction, Respondent

breached the forum selection clause of the Agreement, which unambiguously provides that 'the

New York State Supreme Court, New York County, and the United States District Court for the

Southern District of New York' are the exclusive fora for 'any legal action or proceedings arising out of or in connection with this Agreement.'" (internal citations omitted)).

In sum, Plaintiff has shown a likelihood of success on the merits of its claim that the Mexican actions are barred under the forum selection clause in the Indenture.

### 3.   **Public Interest**

As to the third element – whether an anti-suit injunction is in the public interest – Plaintiff argues that "the public interest and balance of equities weighs heavily in favor of injunctive relief," because "[t]here is a strong public policy of enforcing forum selection clauses," and "there is a 'strong public interest in enforcing contracts between sophisticated entities.'"  (Pltf. Br. (Dkt. No. 47) at 29 (quoting Deutsche Mexico Holdings S.a.r.l., 2019 WL 5257995, at *6))  According to Plaintiff, "where sophisticated parties negotiated and agreed to an entirely valid [f]orum [s]election [c]lause, it is in the public interest to ensure its enforcement through an anti-suit injunction."  (Id. at 29-30)

Defendants do not address whether an anti-suit injunction is in the public interest. (See Def. Opp. (Dkt. No. 52))

As discussed above, there is a strong public interest in enforcing forum selection clauses, and the Mexican actions filed by TV Azteca violate the Indenture's forum selection clause.  Given these circumstances, it is in the public interest to issue an anti-suit injunction.  See Forbes, 2024 WL 1743109, at *7 ("[T]he Court finds that the public interest and the balance of equities favor enforcement of the forum selection clause[,] . . . . [as] there is a strong public policy of enforcing forum selection clauses."); Deutsche Mexico Holdings S.a.r.l., 2019 WL 5257995, at *8 ("I find that public interest, specifically the strong public interest in enforcing contracts between sophisticated entities, favors granting the requested injunctive relief here." (internal quotations and citations omitted)).

*      *      *      *

The Court concludes that the requirements for issuance of a preliminary injunction have been met.

**D.**      **Scope of the Anti-Suit Injunction**

As to the scope of the anti-suit injunction, Plaintiff seeks an "[o]rder enjoining Defendant TV Azteca from continuing to prosecute, or initiating any claims in, any action in Mexico in connection with [the Indenture]."  (Pltf. Mot. (Dkt. No. 46) at 2)

Any anti-suit injunction must be properly limited, in recognition of the fact that although it is "leveled against the party bringing the suit, it nonetheless 'effectively restricts the jurisdiction of the court of a foreign sovereign.'"  Paramedics, 369 F.3d at 655 (quoting China Trade, 837 F.2d at 35).  And in determining the scope of an anti-suit injunction, courts must give "due regard for principles of international comity" and exercise a "delicate touch."  Ibeto, 475 F.3d at 65.

Anti-suit injunctions should be issued only against the offending parties – here Defendants and their subsidiaries, officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendants.  See id. ("The injunction should be directed specifically to the parties, for it is only the parties before a federal court who may be enjoined from prosecuting a suit in a foreign country.").

The anti-suit injunction must also specify what activities are enjoined.  Here, Defendants will be enjoined from commencing or prosecuting any action in Mexico concerning the Indenture.  This form of relief is typical in cases where foreign anti-suit injunctions have been granted.  See, e.g., Amaprop, 2010 WL 1050988, at *9 ("Here, Respondents will be enjoined from commencing or prosecuting any action in India concerning the Agreement.").

The injunction will also require Defendants to take all steps necessary, forthwith, to cause the pending Mexican actions to be dismissed. This form of relief is appropriate under the circumstances, and has been granted in other cases where pending foreign litigation threatens, hinders, or delays proceedings here. See Paramedics, 369 F.3d at 650 (affirming district court order directing defendant to "immediately take all steps necessary to cause dismissal of the [foreign] action" (internal quotations and citations omitted)); Suchodolski Assocs., Inc. v. Cardell Fin. Corp., No. 03 CIV. 4148 (WHP), 2006 WL 3327625, at *4 (S.D.N.Y. Nov. 16, 2006) ("Plaintiffs, their officers, directors, employees and agents, and all persons acting under their direction and control are directed to withdraw from and discontinue the Brazilian Action forthwith."). If Defendants' actions fall short of a full withdrawal or discontinuance of the two pending Mexican lawsuits, they will not be in compliance with the Court's order accompanying this opinion and will be subject to contempt sanctions. See Suchodolski, 2006 WL 3327625, at *4 ("[A]nything short of full withdrawal and discontinuance – for example, a stay or partial discontinuance – will constitute non-compliance with this Order, and Plaintiffs will be sanctioned accordingly.").

## CONCLUSION

For the reasons stated above, Plaintiff's motion to enjoin TV Azteca from continuing to prosecute or initiating any claims related to the Indenture in Mexico is granted (Dkt. No. 46).

Defendant TV Azteca and its subsidiaries, officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendant TV Azteca, are enjoined from prosecuting the July 2022 Mexican Action and the September 2022 Mexican Action; are instructed to take all steps necessary, forthwith, to dismiss or cause to be dismissed these actions and any other actions currently pending in Mexico arising from the

Indenture; and are enjoined from prosecuting any legal actions in Mexico arising from the

Indenture, or commencing any new legal actions in Mexico arising from the Indenture. The

Clerk of Court is directed to terminate the motion (Dkt. No. 46).

Dated: New York, New York
       September 22, 2025

                                    SO ORDERED.


                                    _____
                                    Paul G. Gardephe
                                    United States District Judge

APPEAL,ECF

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:22−cv−08164−PGG

The Bank of New York Mellon v. TV Azteca, S.A.B. de C.V. et al

Assigned to: Judge Paul G. Gardephe

Case in other court:  State Court − Supreme, 653101−2022

Cause: 28:1332ni Diversity−Negotiable Instrument

Date Filed: 09/23/2022

Jury Demand: None

Nature of Suit: 140 Negotiable Instrument

Jurisdiction: Diversity

**Plaintiff**

**The Bank of New York Mellon**
*solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024*

represented by **Abid Qureshi**
Akin Gump Strauss Hauer & Feld LLP (NYC)
One Bryant Park
New York, NY 10036
(212) 872−8027
Fax: (212) 872−1002
Email: aqureshi@akingump.com
*TERMINATED: 07/21/2025*
*LEAD ATTORNEY*

**David Giller**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
212−872−1000
Email: dgiller@akingump.com
*TERMINATED: 07/21/2025*

**Eric J Rolston**
MoloLamken LLP
430 Park Avenue
New York, NY 10022
212−607−8154
Email: erolston@mololamken.com
*ATTORNEY TO BE NOTICED*

**Justin M Ellis**
MoloLamken LLP (NYC)
430 Park Avenue
New York, NY 10022
(212) 607−8160
Fax: (212)−607−8181
Email: jellis@mololamken.com
*ATTORNEY TO BE NOTICED*

**Mason English Reynolds**
MoloLamken LLP
430 Park Avenue
New York, NY 10022
212−607−8178
Email: mreynolds@mololamken.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**TV Azteca, S.A.B. de C.V.**

represented by **Daniel Pulecio−Boek**
Greenberg Traurig, P.A
2101 L Street N.W.

Washington, DC 20037
202–331–3117
Email: pulecioboekd@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
(212) 373–3163
Fax: (212) 373–2399
Email: jaycohen@paulweiss.com
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019
(212) 373–3000 x3248
Fax: (212) 492–0248
Email: wclareman@paulweiss.com
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
Greenberg Traurig, LLP
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
212–801–2164
Fax: 212–801–6400
Email: shaftelh@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of The Americas
New York, NY 10019
(212)–373–3476
Fax: (212)–492–0476
Email: shane.avidan@blbglaw.com
*TERMINATED: 07/20/2023*

**Defendant**

**Administradora Grupo TVA, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Alta Empresa, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Asesoria Especializada En Aviacion,**
**S.A. de C.V.**                            represented by   **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Atletico Morelia S.A. de C.V.**            represented by   **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Conecta Producciones, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Novelas, S.A.P.I. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Records, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Telecasting, S. de R.L. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Web, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Club De Futbol Rojinegros, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Comerciacom, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**

(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Estudios Azteca, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Finbor Mexico, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Ganador Azteca, S.A.P.I. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Grupo TV Azteca, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Inversora Mexicana De Produccion,**
**S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Operadora Mexicana De Television,**
**S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Organizacion De Torneos y Eventos**
**Deportivos, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*

*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Producciones Azteca Digital, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Producciones Especializadas, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Productora de Television Regional De Tv Azteca, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Promotora de Futbol Rojinegros, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Promotora de Futbol Morelia, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V.**          represented by  **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**S.C.I. de Mexico, S.A. de C.V.**          represented by  **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**

(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Servicios Aereos Noticiosos, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Servicios Especializados Taz, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Servicios y Mantenimiento del Futuro en Television, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**

(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Television Azteca, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**TV Azteca Comercializadora, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**

(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Comercializadora De Publicidad**                     represented by      **Jay Cohen**
**Azteca, S.A. de C.V.**                                                                          (See above for address)
*TERMINATED: 10/25/2022*                                                         *TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Comercializadora en Medios de**                     represented by      **Jay Cohen**
**Comunicacion de TV Azteca, S.A. de**                                        (See above for address)
**C.V.**                                                                                              *TERMINATED: 03/05/2025*
*TERMINATED: 10/25/2022*                                                         *LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Editorial Mandarina, S.A. de C.V.**                 represented by      **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Multimedia, Espectaculos y**                          represented by      **Daniel Pulecio–Boek**
**Atracciones, S.A. de C.V.**                                                        (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Red Azteca Internacional, S.A. de C.V.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Servicios Foraneos de Administracion, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Servicios Locales De Produccion, S.A. de C.V.**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Agencia Azteca, Inc.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca America TV Spot Sales**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca International Corporation**

represented by **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*

*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Stations, LLC**                 represented by   **Jay Cohen**
*TERMINATED: 10/25/2022*                                  (See above for address)
                                                          *TERMINATED: 03/05/2025*
                                                          *LEAD ATTORNEY*

                                                          **William Clareman**
                                                          (See above for address)
                                                          *TERMINATED: 03/05/2025*
                                                          *LEAD ATTORNEY*

                                                          **Shane Donnelly Avidan**
                                                          (See above for address)
                                                          *TERMINATED: 07/20/2023*

**Defendant**

**Stations Group, LLC**                  represented by   **Daniel Pulecio–Boek**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jay Cohen**
                                                          (See above for address)
                                                          *TERMINATED: 03/05/2025*
                                                          *LEAD ATTORNEY*

                                                          **William Clareman**
                                                          (See above for address)
                                                          *TERMINATED: 03/05/2025*
                                                          *LEAD ATTORNEY*

                                                          **Harold S. Shaftel**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Shane Donnelly Avidan**
                                                          (See above for address)
                                                          *TERMINATED: 07/20/2023*

**Defendant**

**SCTV, Inc.**                           represented by   **Jay Cohen**
*TERMINATED: 10/25/2022*                                  (See above for address)
                                                          *TERMINATED: 03/05/2025*
                                                          *LEAD ATTORNEY*

                                                          **William Clareman**
                                                          (See above for address)
                                                          *TERMINATED: 03/05/2025*
                                                          *LEAD ATTORNEY*

                                                          **Shane Donnelly Avidan**
                                                          (See above for address)
                                                          *TERMINATED: 07/20/2023*

**Defendant**

**Kaza Azteca America Inc.**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Southern California TV LLC**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Fundacion Azteca America, LLC**
*TERMINATED: 10/25/2022*

represented by **Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**TV Azteca Honduras, S.A. de C.V.**

represented by **Daniel Pulecio−Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Comercializadora de Television de Honduras, S.A. de C.V.**    represented by    **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Incotel S.A.**    represented by    **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**TVA Guatemala S.A.**    represented by    **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)

*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Lasimex, S.A. de C.V.**                represented by  **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**TV Azteca Global, S.L.U.**             represented by  **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Comunicaciones Peru, S.A.C.**    represented by    **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Redes Opticas, S.A.C.**    represented by    **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Televisora del Valle de Mexico, S.A. de C.V.**    represented by    **Daniel Pulecio–Boek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay Cohen**
(See above for address)
*TERMINATED: 03/05/2025*
*LEAD ATTORNEY*

**William Clareman**
(See above for address)
*TERMINATED: 03/05/2025*

*LEAD ATTORNEY*

**Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shane Donnelly Avidan**
(See above for address)
*TERMINATED: 07/20/2023*

**Defendant**

**Azteca Sports Rights LLC**                 represented by     **Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Equipo de Futbol Mazatlan, S.A. de**       represented by     **Harold S. Shaftel**
**C.V.**                                                        (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mazatlan Promotora de Futbol, S.A. de**    represented by     **Harold S. Shaftel**
**C.V.**                                                        (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Producciones Dopamina, S.A. de C.V.**      represented by     **Harold S. Shaftel**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2022 | 1 | NOTICE OF REMOVAL from Supreme Court of the State of New York, County of New York. Case Number: 653101/2022. (Filing Fee $ 402.00, Receipt Number ANYSDC–26726481).Document filed by Television Azteca, S.A. de C.V., TV Azteca Comercializadora, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., TV Azteca, S.A.B. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana De Produccion, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Azteca International Corporation, Lasimex, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Estudios Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V., Southern California TV LLC, Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Azteca Telecasting, S. de R.L. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Azteca Web, S.A. de C.V., Incotel S.A., Kaza Azteca America Inc., Producciones Especializadas, S.A. de C.V., Agencia Azteca, Inc., Stations Group, LLC, Productora de Television Regional De Tv Azteca, S.A. de C.V., Comerciacom, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Atletico Morelia S.A. de C.V., Fundacion Azteca America, LLC, Red Azteca Internacional, S.A. de C.V., Administradora Grupo TVA, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Azteca Records, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Redes Opticas, S.A.C., Club De Futbol Rojinegros, S.A. de C.V., SCTV, Inc., Finbor Mexico, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Alta Empresa, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Stations, LLC, Editorial Mandarina, S.A. de C.V., Azteca America TV |

| | | |
|---|---|---|
| | | Spot Sales, Operadora Mexicana De Television, S.A. de C.V., TVA Guatemala S.A., Asesoria Especializada En Aviacion, S.A. de C.V.. (Attachments: # 1 Exhibit 1 – Summons, Notice of Motion for Summary Judgment in Lieu of Complaint, and Supporting Papers, # 2 Exhibit 2 – Notice of Filing Notice of Removal).(Clareman, William) (Entered: 09/23/2022) |
| 09/23/2022 | 2 | CIVIL COVER SHEET filed..(Clareman, William) (Entered: 09/23/2022) |
| 09/23/2022 | 3 | NOTICE OF APPEARANCE by Jay Cohen on behalf of Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 09/23/2022) |
| 09/23/2022 | 4 | NOTICE OF APPEARANCE by Shane Donnelly Avidan on behalf of Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, |

| | | |
|---|---|---|
| | | Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Avidan, Shane) (Entered: 09/23/2022) |
| 09/23/2022 | 5 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent TV Azteca, S.A.B. de C.V. for Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.; Other Affiliate TV Azteca, S.A.B. de C.V. for Administradora Grupo TVA, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana De Produccion, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., TV Azteca Comercializadora, S.A. de C.V., Television Azteca, S.A. de C.V.; Other Affiliate Azteca International Corporation for Agencia Azteca, Inc., Azteca America TV Spot Sales, Azteca Stations, LLC, Fundacion Azteca America, LLC, Kaza Azteca America Inc., SCTV, Inc., Southern California TV LLC, Stations Group, LLC; Other Affiliate Comunicaciones Avanzadas S.A. de C.V. for TV Azteca, S.A.B. de C.V.. Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Clareman, William) |

| | | |
|---|---|---|
| | | (Entered: 09/23/2022) |
| 09/23/2022 | 6 | AFFIDAVIT OF SERVICE of Notice of Removal with Exhibits 1–2, Civil Cover Sheet, Notice of Appearance of Jay Cohen, Notice of Appearance of Shane Avidan, and Corporate Disclosure Statement served on The Bank of New York Mellon on September 23, 2022. Service was made by Overnight Delivery (FedEx). Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Clareman, William) (Entered: 09/23/2022) |
| 09/26/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney William Clareman. The following case opening statistical information was erroneously selected/entered: County code New York;. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of U.S.;. (jgo) (Entered: 09/26/2022)** |
| 09/26/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Paul G. Gardephe. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(jgo) (Entered: 09/26/2022) |
| 09/26/2022 | | Magistrate Judge Barbara C. Moses is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (jgo) (Entered: 09/26/2022) |
| 09/26/2022 | | Case Designated ECF. (jgo) (Entered: 09/26/2022) |
| 09/29/2022 | 7 | NOTICE OF PRETRIAL CONFERENCE: Initial Conference set for 12/8/2022 at 11:15 AM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe. SO ORDERED. (Signed by Judge Paul G. Gardephe on 9/29/2022) (ks) (Entered: 09/29/2022) |

| 09/30/2022 | 8 | MOTION to Compel The Bank of New York Mellon to File a Complaint in this Action . Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 09/30/2022) |
| 09/30/2022 | 9 | MEMORANDUM OF LAW in Support re: 8 MOTION to Compel The Bank of New York Mellon to File a Complaint in this Action . . Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 09/30/2022) |

| 09/30/2022 | 10 | DECLARATION of Shane D. Avidan in Support re: 8 MOTION to Compel The Bank of New York Mellon to File a Complaint in this Action .. Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # 1 Exhibit 1 – TVA Shareholder Meeting Minutes, # 2 Exhibit 2 – Certificate of Merger (Azteca Stations, LLC), # 3 Exhibit 3 – Certificate of Merger (Agencia Azteca, Inc.), # 4 Exhibit 4 – Certificate of Merger (SCTV, Inc.), # 5 Exhibit 5 – Certificate of Merger (Kaza Azteca America, Inc.), # 6 Exhibit 6 – Certificate of Merger (Azteca America TV Spot Sales, LLC), # 7 Exhibit 7 – Certificate of Merger (Fundacion Azteca America, LLC), # 8 Exhibit 8 – Certificate of Merger (Southern California TV LLC), # 9 Exhibit 9 – Club de Futbol Rojinegros Shareholder Resolution).(Avidan, Shane) (Entered: 09/30/2022) |
| 10/14/2022 | 11 | NOTICE OF APPEARANCE by Abid Qureshi on behalf of The Bank of New York Mellon..(Qureshi, Abid) (Entered: 10/14/2022) |
| 10/14/2022 | 12 | NOTICE OF APPEARANCE by David Giller on behalf of The Bank of New York Mellon..(Giller, David) (Entered: 10/14/2022) |
| 10/14/2022 | 13 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent The Bank Of New York Mellon Corporation for The Bank of New York Mellon. Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 10/14/2022) |
| 10/14/2022 | 14 | MEMORANDUM OF LAW in Opposition re: 8 MOTION to Compel The Bank of New York Mellon to File a Complaint in this Action . *Memorandum of Law in Further Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendants' Motion to Compel Plaintiff to File a Complaint*. Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 10/14/2022) |
| 10/14/2022 | 15 | NOTICE OF VOLUNTARY DISMISSAL pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above–captioned action is voluntarily dismissed, without prejudice against the defendant(s) Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Azteca America TV Spot Sales, Azteca Novelas, S.A.P.I. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Grupo TV Azteca, S.A. de |

| | | |
|---|---|---|
| | | C.V., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., SCTV, Inc., Southern California TV LLC, TV Azteca Comercializadora, S.A. de C.V., Television Azteca, S.A. de C.V.. Document filed by The Bank of New York Mellon. **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)**...(Qureshi, Abid) (Entered: 10/14/2022) |
| 10/17/2022 | | **\*\*\*NOTICE TO COURT REGARDING NOTICE OF VOLUNTARY DISMISSAL Document No. 15 Notice of Voluntary Dismissal, was reviewed and referred to Judge Paul G. Gardephe for approval for the following reason(s): the plaintiff(s) filed their voluntary dismissal and it did not dismiss all of the parties or the action in its entirety. (tp)** (Entered: 10/17/2022) |
| 10/21/2022 | 16 | REPLY MEMORANDUM OF LAW in Support re: 8 MOTION to Compel The Bank of New York Mellon to File a Complaint in this Action . . Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 10/21/2022) |
| 10/21/2022 | 17 | LETTER MOTION for Oral Argument *on the Defendants' Opposition to Plaintiff's Motion for Summary Judgment in Lieu of Complaint (Dkt. No. 1–1) and on Defendants' Motion to Compel Plaintiff to File a Complaint (Dkt. No. 8)* addressed to Judge Paul G. Gardephe from Jay Cohen dated October 21, 2022. Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y |

| | | |
|---|---|---|
| | | Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 10/21/2022) |
| 10/25/2022 | <u>18</u> | NOTICE OF VOLUNTARY DISMISSAL: Plaintiff, by and through its attorneys, hereby gives notice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure that Plaintiff voluntarily dismisses this action without prejudice against Azteca Novelas, S.A.P.I. de C.V.; Red Azteca Internacional, S.A. de C.V.; Televisin Azteca, S.A. de C.V.; TV Azteca Comercializadora, S.A. de C.V.; Comercializadora de Publicidad Azteca, S.A. de C.V.; Administradora Grupo TVA, S.A. de C.V.; Grupo TV Azteca, S.A. de C.V.; Inversora Mexicana De Produccin, S.A. de C.V.; Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.; Comerciacom, S.A. de C.V.; Estudios Azteca, S.A. de C.V.; Finbor Mxico, S.A. de C.V.; Azteca Telecasting, S. de R.L. de C.V.; Azteca Web, S.A. de C.V; Comercializadora en Medios de Comunicacin de TV Azteca, S.A. de C.V.; Agencia Azteca, Inc.; Azteca America TV Spot Sales, LLC; Azteca Stations, LLC; SCTV, Inc.; Kaza Azteca America Inc.; Southern California TV LLC; Fundacion Azteca America, LLC; and Club de Futbol Rojinegros, S.A. de C.V. As Defendants have filed neither an answer nor a motion for summary judgment in this action, this dismissal is effective without a court order. Fed. R. Civ. P. 41(a)(1)(A). The Clerk of Court is directed to terminate the above-listed defendants and not to close this case. SO ORDERED. (Signed by Judge Paul G. Gardephe on 10/25/2022) Azteca America TV Spot Sales, Azteca Novelas, S.A.P.I. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Grupo TV Azteca, S.A. de C.V., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., SCTV, Inc., Southern California TV LLC, TV Azteca Comercializadora, S.A. de C.V., Television Azteca, S.A. de C.V., Administradora Grupo TVA, S.A. de C.V. and Agencia Azteca, Inc. terminated. (ks) (Entered: 10/25/2022) |
| 11/17/2022 | <u>19</u> | LETTER MOTION to Adjourn Conference addressed to Judge Paul G. Gardephe from Jay Cohen dated November 17, 2022. Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. |

| | | |
|---|---|---|
| | | de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 11/17/2022) |
| 11/29/2022 | 20 | ORDER granting 19 Letter Motion to Adjourn Conference. The initial pre–trial conference set for December 8, 2022 is hereby adjourned to December 15, 2022 at 10:00 a.m. in courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. SO ORDERED. Initial Conference set for 12/15/2022 at 10:00 AM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe. (Signed by Judge Paul G. Gardephe on 11/29/2022) (va) (Entered: 11/30/2022) |
| 12/08/2022 | 21 | LETTER addressed to Judge Paul G. Gardephe from Jay Cohen dated December 8, 2022 re: The Court's Initial Notice of Pretrial Conference (Dkt. No. 7). Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 12/08/2022) |
| 12/08/2022 | 22 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 12/08/2022) |
| 12/13/2022 | 23 | ORDER denying 17 Motion for Oral Argument. The conference on December 15, 2022, is adjourned sine die. The Coutt is in receipt of Defendants' Motion to Compel Plaintiff to File a Complaint and related papers. (Dkt. Nos. 8–10, 14, 16) Defendants' motion for oral argument, pending at Docket No. 17, is denied. SO ORDERED.. |

| | | (Signed by Judge Paul G. Gardephe on 12/13/2022) (ks) (Entered: 12/13/2022) |
|---|---|---|
| 03/21/2023 | 24 | SUGGESTION OF BANKRUPTCY upon the record . Document filed by The Bank of New York Mellon (Attachments: # 1 Exhibit A).(Qureshi, Abid) (Entered: 03/21/2023) |
| 07/14/2023 | 25 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Avidan, Shane) (Entered: 07/14/2023) |
| 07/20/2023 | 26 | MEMO ENDORSEMENT on re: 25 Proposed Order for Withdrawal of Attorney,,,,,,,,, filed by Red Azteca Internacional, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Azteca International Corporation, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Inversora Mexicana De Produccion, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Azteca Stations, LLC, Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Grupo TV Azteca, S.A. de C.V., Agencia Azteca, Inc., Comerciacom, S.A. de C.V., Southern California TV LLC, Estudios Azteca, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Fundacion Azteca America, LLC, Multimedia, Espectaculos y Atracciones, S.A. de C.V., Azteca America TV Spot Sales, Ganador Azteca, S.A.P.I. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Redes Opticas, S.A.C., Servicios Aereos Noticiosos, S.A. de C.V., Alta Empresa, S.A. de C.V., Television Azteca, S.A. de C.V., Lasimex, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V., SCTV, Inc., Promotora de Futbol Rojinegros, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Finbor Mexico, S.A. de C.V., Azteca Telecasting, S. de R.L. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Producciones Especializadas, S.A. de C.V., TVA Guatemala S.A., Comercializadora de Television de Honduras, S.A. de C.V., Kaza Azteca America Inc., Administradora Grupo TVA, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Incotel S.A., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Stations Group, LLC, Azteca Novelas, S.A.P.I. de C.V., TV Azteca Comercializadora, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., TV Azteca Global, S.L.U., Promotora de Futbol Morelia, S.A. de C.V., TV Azteca, S.A.B. de C.V., Atletico Morelia S.A. de C.V., Azteca Web, S.A. de C.V., Azteca Records, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del |

| | | |
|---|---|---|
| | | Futuro en Television, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., ENDORSEMENT: SO ORDERED (Signed by Judge Paul G. Gardephe on 7/20/2023) Attorney Shane Donnelly Avidan terminated. (ks) (Entered: 07/20/2023) |
| 10/11/2023 | 27 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated October 11, 2023 re: Status of Involuntary Chapter 11 Petitions. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # 1 Exhibit A–8/29/23 Hearing Transcript Excerpt, # 2 Exhibit B–7/8/22 Complaint, # 3 Exhibit C–7/12/22 Injunction, # 4 Exhibit D–8/17/22 Extension, # 5 Exhibit E–8/23/22 Extension, # 6 Exhibit F–5/17/23 Extension, # 7 Exhibit G Part 1–9/22/22 Complaint, # 8 Exhibit G Part 2–9/22/22 Complaint, # 9 Exhibit G Part 3–9/22/22 Complaint, # 10 Exhibit H Part 1–9/27/22 Injunction, # 11 Exhibit H Part 2–9/27/22 Injunction, # 12 Exhibit I–TVA Submission).(Cohen, Jay) (Entered: 10/11/2023) |
| 10/16/2023 | 28 | MEMO ENDORSEMENT on re: 27 Letter,,,,,,,, filed by Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Azteca International Corporation, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Redes Opticas, S.A.C., Servicios Aereos Noticiosos, S.A. de C.V., Alta Empresa, S.A. de C.V., Lasimex, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., TVA Guatemala S.A., Editorial Mandarina, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Incotel S.A., Stations Group, LLC, Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca, S.A.B. de C.V., Atletico Morelia S.A. de C.V., Azteca Records, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V. Pursuant to 11 U.S.C. § 362, this action is stayed pending resolution of the bankruptcy petitions pending before the United States Bankruptcy Court in this District. The patties will file a joint letter updating the Court as to the status of the bankruptcy petition and the Mexican litigations every 30 days, and in any event, within three days of the resolution of any of those actions. Case stayed. (Signed by Judge Paul G. Gardephe on 10/16/2023) (ate) (Entered: 10/16/2023) |
| 11/15/2023 | 29 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen dated November 15, 2023 re: Status of Involuntary Chapter 11 Petitions. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de |

| | | |
|---|---|---|
| | | Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foranos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 11/15/2023) |
| 11/28/2023 | 30 | JOINT LETTER addressed to Judge Paul G. Gardephe from Abid Qureshi dated November 28, 2023 re: Update on the Status of the Bankruptcy Petitions. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Qureshi, Abid) (Entered: 11/28/2023) |
| 12/15/2023 | 31 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated December 15, 2023 re: Status of Other Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foranos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 12/15/2023) |
| 01/09/2024 | 32 | LETTER MOTION for Conference / Pre−Motion Conference addressed to Judge Paul G. Gardephe from Abid Qureshi dated January 9, 2024. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A − Redline of Proposed Amendments to the Pending Motion for Summary Judgment in Lieu of Complaint).(Qureshi, Abid) (Entered: 01/09/2024) |
| 01/12/2024 | 33 | LETTER RESPONSE to Motion addressed to Judge Paul G. Gardephe from Jay Cohen dated January 12, 2024 re: 32 LETTER MOTION for Conference / Pre−Motion Conference addressed to Judge Paul G. Gardephe from Abid Qureshi dated January 9, 2024. . Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foranos de Administracion, S.A. de |

| | | |
|---|---|---|
| | | C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 01/12/2024) |
| 01/15/2024 | 34 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated January 15, 2024 re: Status of Other Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 01/15/2024) |
| 01/23/2024 | 35 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated January 23, 2024 re: Supplementing January 15, 2024 Status Letter (ECF 34). Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # 1 Exhibit A–Translation).(Cohen, Jay) (Entered: 01/23/2024) |
| 02/14/2024 | 36 | CONSENT LETTER MOTION for Extension of Time *to file Joint Letter re: Status of Other Litigation* addressed to Judge Paul G. Gardephe from William Clareman dated February 14, 2024. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de |

| | | |
|---|---|---|
| | | C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Clareman, William) (Entered: 02/14/2024) |
| 02/16/2024 | 37 | ORDER granting 36 Letter Motion for Extension of Time. The Application is granted. SO ORDERED. (Signed by Judge Paul G. Gardephe on 2/16/2024) (rro) (Entered: 02/20/2024) |
| 02/23/2024 | 38 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Quershi dated February 23, 2024 re: Bankruptcy Petitions and Mexican Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # 1 Exhibit A – January 8, 2024 Order (English Translation), # 2 Exhibit B – January 25, 2024 Decision (English Translation), # 3 Exhibit C – January 30, 2024 Order (English Translation)).(Cohen, Jay) (Entered: 02/23/2024) |
| 03/15/2024 | 39 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qurshi dated March 15, 2024 re: Bankruptcy Petitions and Mexican Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 03/15/2024) |
| 04/12/2024 | 40 | LETTER addressed to Judge Paul G. Gardephe from Abid Qureshi dated April 12, 2024 re: Stay Status. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit Letter Dated November 30, 2023 (Dkt. 30)).(Qureshi, Abid) (Entered: 04/12/2024) |
| 04/15/2024 | 41 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qurshi dated April 15, 2024 re: Bankruptcy Petitions and Mexican Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., |

| | | |
|---|---|---|
| | | Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 04/15/2024) |
| 05/15/2024 | 42 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Quershi dated May 15, 2024 re: Mexican Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 05/15/2024) |
| 06/14/2024 | 43 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated June 14, 2024 re: Mexican Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 06/14/2024) |
| 07/15/2024 | 44 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated July 15, 2024 re: Mexican Litigations. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., |

| | | |
|---|---|---|
| | | Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 07/15/2024) |
| 08/14/2024 | 45 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated August 14, 2024 re: Mexican Litigation. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 08/14/2024) |
| 08/14/2024 | 46 | MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico . Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | 47 | MEMORANDUM OF LAW in Support re: 46 MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico . . Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | 48 | DECLARATION of Abid Qureshi in Support re: 46 MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico .. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit 1 – 2022.12.31 TVA Annual Report, # 2 Exhibit 2 – Indenture, # 3 Exhibit 3 – 2022.05.03 Acceleration Notice, # 4 Exhibit 4 – 2022.08.05 Acceleration Notice, # 5 Exhibit 5 – 2022.08.09 Supplement to Notice of Acceleration, # 6 Exhibit 6 – 2022.08.08 TVA Press Release, # 7 Exhibit 7 – 2021.02.09 TVA Press Release, # 8 Exhibit 8 – Chart of MX Litigations, # 9 Exhibit 9 – 2021.05.12 Article, # 10 Exhibit 10 – 2023.08.29 Transcript, # 11 Exhibit 11 – Redacted Joint Stip of Uncontested Facts, # 12 Exhibit 12 – 2023.04.21 Press Release).(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | 49 | DECLARATION of Fernando del Castillo in Support re: 46 MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico .. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit 1 – CV, # 2 Exhibit 2 – July Complaint, # 3 Exhibit 3 – July Injunction, # 4 Exhibit 4 – Aug. 17, 2022 Injunction, # 5 Exhibit 5 – Aug. 23, 2022 Injunction, # 6 Exhibit 6 – May 17, 2023 Injunction, # 7 Exhibit 7 – September Complaint, # 8 Exhibit 8 – September Injunction, # 9 Exhibit 9 – Trustee's March 15, 2023 Amparo Filing, # 10 Exhibit 10 – March 23, 2023 Court Order, # 11 Exhibit 11 – Trustee's Appeal, # 12 Exhibit 12 – May 2, 2023 Order, # 13 Exhibit 13 – Motion for Reconsideration, # 14 Exhibit 14 – May 15, 2023 Sixty–Third Superior Decision and Order, # 15 Exhibit 15 –Trustee's April 20, 2023 Response, # 16 Exhibit 16 – TVA Remedy Appeal, # 17 Exhibit 17 – January 30 Decision, # 18 Exhibit 18 – |

| | | |
|---|---|---|
| | | Trustee Amparo Feb. 28, 2024, # <u>19</u> Exhibit 19 – TVA Response to Amparo, # <u>20</u> Exhibit 20 – April 16, 2024 Amparo Ruling, # <u>21</u> Exhibit 21 – TVA Review of Amparo, # <u>22</u> Exhibit 22 – Trustee Opposition to TVA Amparo Review, # <u>23</u> Exhibit 23 – WHO Press Release, # <u>24</u> Exhibit 24 – President's Decree re COVID, # <u>25</u> Exhibit 25 – May 12 Letter, # <u>26</u> Exhibit 26 – Motion to Vacate, # <u>27</u> Exhibit 27 – May 17 Letter, # <u>28</u> Exhibit 28 – Opposition to Motion to Vacate, # <u>29</u> Exhibit 29 – TVA Press Release, # <u>30</u> Exhibit 30 – Order Denying Mtn to Vacate, # <u>31</u> Exhibit 31 – Trustee Appeal of Order Denying Mtn to Vacate, # <u>32</u> Exhibit 32 – TVA Opposition to Appeal, # <u>33</u> Exhibit 33 – Sixty–Third Court Order).(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | <u>50</u> | CERTIFICATE OF SERVICE. Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | <u>51</u> | LETTER addressed to Judge Paul G. Gardephe from Jay Cohen dated August 14, 2024 re: Stipulations Setting Briefing Schedule. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional de Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # <u>1</u> Exhibit – July 3, 2024 Stipulation Setting Briefing Schedule, # <u>2</u> Exhibit – July 26, 2024 Stipulation Setting Briefing Schedule).(Cohen, Jay) (Entered: 08/14/2024) |
| 08/14/2024 | <u>52</u> | MEMORANDUM OF LAW in Opposition re: <u>46</u> MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico . . Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # <u>1</u> Exhibit 1–2/23/24 Letter, # <u>2</u> Exhibit 2–1/8/24 Translation).(Cohen, Jay) (Entered: 08/14/2024) |
| 08/14/2024 | <u>53</u> | DECLARATION of Maria Teresa Llantada Voigt in Opposition re: <u>46</u> MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico .. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de |

| | | |
|---|---|---|
| | | Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 08/14/2024) |
| 08/14/2024 | 54 | REPLY MEMORANDUM OF LAW in Support re: 46 MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico . . Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | 55 | DECLARATION of Abid Qureshi in Support re: 46 MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico .. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit 1 – Chart of MX Litigations).(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | 56 | DECLARATION of Fernando del Castillo in Support re: 46 MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico .. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit 1 – July 3, 2024 Tenth Collegiate Court Decision, # 2 Exhibit 2 – July 8, 2024 Denial of Appeal to Vacate Injunction).(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | 57 | CERTIFICATE OF SERVICE. Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 08/14/2024) |
| 08/14/2024 | 58 | LETTER MOTION for Oral Argument addressed to Judge Paul G. Gardephe from Abid Qureshi dated August 14, 2024. Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 08/14/2024) |
| 09/13/2024 | 59 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated September 13, 2024 re: Mexican Litigation. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 09/13/2024) |
| 10/09/2024 | 60 | LETTER addressed to Judge Paul G. Gardephe from Abid Qureshi dated October 9, 2024 re: Pre–Motion Conference Letter, Dkt. 32. Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 10/09/2024) |
| 10/10/2024 | 61 | ORDER, Motions terminated: 58 LETTER MOTION for Oral Argument addressed to Judge Paul G. Gardephe from Abid Qureshi dated August 14, 2024. filed by The Bank of New York Mellon. Pursuant to 11 U.S.C. § 362, this action was previously stayed pending resolution of proceedings before the United States Bankruptcy Court in this District. (Dkt. No. 27) On November 28, 2023, the parties jointly informed this Court |

| | | that the Bankruptcy Court dismissed the proceedings. (Dkt. No. 30) Accordingly, the stay in this case is lifted. Plaintiff's motion for oral argument concerning its motion to enjoin Defendant TV Azteca from litigating in Mexico (see Dkt. No. 58) is denied. The Clerk of Court is directed to terminate the motion. (Dkt. No. 58). SO ORDERED (Signed by Judge Paul G. Gardephe on 10/10/2024) (ks) (Entered: 10/10/2024) |
|---|---|---|
| 10/14/2024 | 62 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated October 14, 2024 re: Mexican Litigation. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Cohen, Jay) (Entered: 10/14/2024) |
| 11/13/2024 | 63 | LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated November 13, 2024 re: Mexican Litigation. Document filed by Ganador Azteca, S.A.P.I. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., TV Azteca, S.A.B. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Azteca International Corporation, Stations Group, LLC, Alta Empresa, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Peru, S.A.C., Redes Opticas, S.A.C., Televisora del Valle de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Azteca Records, S.A. de C.V...(Cohen, Jay) (Entered: 11/13/2024) |
| 12/13/2024 | 64 | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Qureshi dated December 13, 2024 re: Mexican Litigation. Document filed by Ganador Azteca, S.A.P.I. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., TV Azteca, S.A.B. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Azteca International Corporation, Stations Group, LLC, Alta Empresa, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, |

| | | S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Peru, S.A.C., Redes Opticas, S.A.C., Televisora del Valle de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Azteca Records, S.A. de C.V...(Cohen, Jay) (Entered: 12/13/2024) |
|---|---|---|
| 01/13/2025 | <u>65</u> | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Quershi dated January 13, 2025 re: Mexican Litigation. Document filed by Ganador Azteca, S.A.P.I. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., TV Azteca, S.A.B. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Azteca International Corporation, Stations Group, LLC, Alta Empresa, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Peru, S.A.C., Redes Opticas, S.A.C., Televisora del Valle de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Azteca Records, S.A. de C.V...(Cohen, Jay) (Entered: 01/13/2025) |
| 02/12/2025 | <u>66</u> | JOINT LETTER addressed to Judge Paul G. Gardephe from Jay Cohen and Abid Quershi dated February 12, 2025 re: Mexican Litigation. Document filed by Ganador Azteca, S.A.P.I. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., TV Azteca, S.A.B. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Azteca International Corporation, Stations Group, LLC, Alta Empresa, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Peru, S.A.C., Redes Opticas, S.A.C., Televisora del Valle de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Azteca Records, S.A. de C.V...(Cohen, Jay) (Entered: 02/12/2025) |
| 03/04/2025 | <u>67</u> | PROPOSED CONSENT ORDER. Document filed by Ganador Azteca, S.A.P.I. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., TV Azteca, S.A.B. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Azteca International Corporation, Stations Group, LLC, Alta Empresa, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de |

| | | |
|---|---|---|
| | | C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Peru, S.A.C., Redes Opticas, S.A.C., Televisora del Valle de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Azteca Records, S.A. de C.V...(Shaftel, Harold) (Entered: 03/04/2025) |
| 03/04/2025 | 68 | NOTICE OF APPEARANCE by Daniel Pulecio–Boek on behalf of Ganador Azteca, S.A.P.I. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., TV Azteca, S.A.B. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Azteca International Corporation, Stations Group, LLC, Alta Empresa, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Peru, S.A.C., Redes Opticas, S.A.C., Televisora del Valle de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Azteca Records, S.A. de C.V...(Pulecio–Boek, Daniel) (Entered: 03/04/2025) |
| 03/05/2025 | 69 | CONSENT ORDER GRANTING SUBSTITUTION OF ATTORNEY: Notice is hereby given that, subject to approval by the Court, each Defendant, includingTY Aztec. S.A.B de C.V. and each of its named affiliates (collectively "Defendants"), substitutes Greenberg Traurig, L.L.P., by and through Hal S. Shaftel and Daniel Friedman, as counsel of record in place of Paul Weiss, Rifkind, Wharton & Garrison, LLP. by and through Jay Cohen and William Clareman. The substitution of the above attorneys for all Defendants* is hereby approved and so ORDERED. Attorney William Clareman and Jay Cohen terminated. (Signed by Judge Paul G. Gardephe on 3/5/2025) (sgz) (Entered: 03/05/2025) |
| 03/14/2025 | 70 | LETTER MOTION for Conference / Letter Requesting Withdrawal of [ECF 32] addressed to Judge Paul G. Gardephe from Abid Qureshi dated March 14, 2025. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A – Redline – Amended Summary Judgment Motion in Lieu of Complaint).(Qureshi, Abid) (Entered: 03/14/2025) |
| 03/14/2025 | 71 | ORDER with respect to 70 Letter Motion for Conference. Any party opposing this application is directed to file a response by March 19, 2025. SO ORDERED. (Signed by Judge Paul G. Gardephe on 3/14/2025) (sgz) (Entered: 03/14/2025) |
| 03/14/2025 | | Set/Reset Deadlines: Responses due by 3/19/2025 (sgz) (Entered: 03/14/2025) |
| 03/14/2025 | 72 | JOINT LETTER addressed to Judge Paul G. Gardephe from Hal S. Shaftel dated 03–14–25 re: JOINT LETTER addressed to Judge Paul G. Gardephe from Hal S. Shaftel and Abid Quershi dated March 14, 2025 re: Mexican Litigation. Document filed by Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Inversora Mexicana De Produccion, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., TV Azteca, S.A.B. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Television Azteca, S.A. de C.V., TV Azteca Comercializadora, S.A. de C.V., Corporacion de Asesoria Tecnica y |

| | | |
|---|---|---|
| | | de Produccion, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Administradora Grupo TVA, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Agencia Azteca, Inc., Azteca America TV Spot Sales, Azteca International Corporation, Azteca Stations, LLC, Stations Group, LLC, SCTV, Inc., Kaza Azteca America Inc., Southern California TV LLC, Alta Empresa, S.A. de C.V., Fundacion Azteca America, LLC, TV Azteca Honduras, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Incotel S.A., TVA Guatemala S.A., Lasimex, S.A. de C.V., TV Azteca Global, S.L.U., Azteca Comunicaciones Peru, S.A.C., Redes Opticas, S.A.C., Televisora del Valle de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Conecta Producciones, S.A. de C.V., Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V...(Shaftel, Harold) (Entered: 03/14/2025) |
| 03/19/2025 | 73 | LETTER RESPONSE in Opposition to Motion addressed to Judge Paul G. Gardephe from Hal S. Shaftel, Esq. dated March 19, 2025 re: 70 LETTER MOTION for Conference / *Letter Requesting Withdrawal of [ECF 32]* addressed to Judge Paul G. Gardephe from Abid Qureshi dated March 14, 2025. *re pre−motion conference*. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 03/19/2025) |
| 03/31/2025 | 74 | ORDER terminating 32 Letter Motion for Conference ; granting in part and denying in part 70 Letter Motion for Conference. Accordingly, while Plaintiff's March 14, 2025 application (Dkt. No. 70) to withdraw its January 9, 2024 letter (Dkt. No. 32) is granted, its application to amend its summary judgment motion in lieu of complaint (Dkt. No. 70) is denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 32, 70). (Signed by Judge Paul G. Gardephe on 3/31/2025) (sgz) (Entered: 04/01/2025) |
| 04/14/2025 | 75 | JOINT LETTER addressed to Judge Paul G. Gardephe from Hal S. Shaftel dated April 14, 2025 re: Mexican Litigation. Document filed by Administradora Grupo TVA, S.A. de C.V., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., |

| | | |
|---|---|---|
| | | Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 04/14/2025) |
| 05/14/2025 | 76 | STATUS REPORT. Document filed by TV Azteca, S.A.B. de C.V...(Shaftel, Harold) (Entered: 05/14/2025) |
| 06/13/2025 | 77 | STATUS REPORT. Document filed by Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 06/13/2025) |
| 07/11/2025 | 78 | NOTICE OF APPEARANCE by Justin M Ellis on behalf of The Bank of New York Mellon..(Ellis, Justin) (Entered: 07/11/2025) |
| 07/11/2025 | 79 | NOTICE OF APPEARANCE by Eric J Rolston on behalf of The Bank of New York Mellon..(Rolston, Eric) (Entered: 07/11/2025) |
| 07/11/2025 | 80 | COMPLAINT against Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A – Indenture, # 2 Exhibit B – Global Note, # 3 Exhibit C – Notice of Acceleration).(Ellis, Justin) (Entered: 07/11/2025) |

| 07/11/2025 | 81 | LETTER MOTION for Conference addressed to Judge Paul G. Gardephe from Justin M Ellis dated July 11, 2025. Document filed by The Bank of New York Mellon..(Ellis, Justin) (Entered: 07/11/2025) |
|---|---|---|
| 07/11/2025 | 82 | **FILING ERROR – DEFICIENT – SUMMONS REQUEST As To –** REQUEST FOR ISSUANCE OF SUMMONS as to TV Azteca, S.A.B. de C.V., et al., re: 80 Complaint,,,,,,. Document filed by The Bank of New York Mellon. (Attachments: # 1 Appendix Summons Rider).(Ellis, Justin) Modified on 7/14/2025 (vf). (Entered: 07/11/2025) |
| 07/14/2025 | 83 | STATUS REPORT. *re July 14, 2025 Mexican Litigation per 10/16/23 Court Order* Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 07/14/2025) |
| 07/14/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Justin M Ellis re: Document No. 80 Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; Add parties (AZTECA SPORTS RIGHTS LLC; EQUIPO DE FUTBOL MAZATLAN, S.A. DE C.V.; MAZATLAN PROMOTORA DE FUTBOL, S.A. DE C.V.; PRODUCCIONES DOPAMINA, S.A. DE C.V.) to ECF. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents. (vf)** (Entered: 07/14/2025) |
| 07/14/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Justin M Ellis to RE–FILE Document No. 82 Request for Issuance of Summons. The filing is deficient for the following reason(s): ECF Docket Entry Error. Enter the party names as to whom summons is issued for when prompted in ECF. Re–file the document using the event type Request for Issuance of Summons found under the event list Service of Process – select the correct filer/filers – and attach the correct summons form PDF. (vf)** (Entered: 07/14/2025) |
| 07/14/2025 | | ADD PARTY FOR PLEADING. Defendants/Respondents Azteca Sports Rights LLC, Equipo de Futbol Mazatlan, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Producciones Dopamina, S.A. de C.V. added. Party added pursuant to 80 Complaint,,,,,,.Document filed by The Bank of New York Mellon. Related document: 80 Complaint,,,,,,..(Rolston, Eric) (Entered: 07/14/2025) |
| 07/14/2025 | 84 | REQUEST FOR ISSUANCE OF SUMMONS as to TV Azteca, S.A.B. de C.V.; Alta Empresa, S.A. de C.V.; Asesoria Especializada En Aviacion, S.A. de C.V.; Azteca Records, S.A. de C.V.; Azteca Sports Rights LLC; Equipo de Futbol Mazatlan, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Mazatlan Promotora de Futbol, S.A. de C.V.; Operadora Mexicana de Television, S.A. de C.V.; Producciones Azteca Digital, S.A. de C.V.; Producciones Dopamina, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora de Television Regional de TV Azteca, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V.; S.C.I. de Mexico, S.A. de C.V.; Servicios Aereos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Television, S.A. de C.V.; Corporacion de |

| | | |
|---|---|---|
| | | Asesoria Tecnica y de Produccion, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectaculos y Atracciones, S.A. de C.V.; Servicios Foraneos de Administracion, S.A. de C.V.; Servicios Locales de Produccion, S.A. de C.V.; Azteca International Corporation; Stations Group LLC; TV Azteca Honduras, S.A. de C.V.; Comercializadora de Television de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A.; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Peru, S.A.C.; Redes Opticas, S.A.C.; Televisora del Valle de Mexico, S.A. de C.V., re: 80 Complaint,,,,,,. Document filed by The Bank of New York Mellon. (Attachments: # 1 Appendix Summons Rider).(Ellis, Justin) (Entered: 07/14/2025) |
| 07/15/2025 | 85 | ELECTRONIC SUMMONS ISSUED as to Administradora Grupo TVA, S.A. de C.V., Agencia Azteca, Inc., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca America TV Spot Sales, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Novelas, S.A.P.I. de C.V., Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Azteca Stations, LLC, Azteca Telecasting, S. de R.L. de C.V., Azteca Web, S.A. de C.V., Club De Futbol Rojinegros, S.A. de C.V., Comerciacom, S.A. de C.V., Comercializadora De Publicidad Azteca, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Estudios Azteca, S.A. de C.V., Finbor Mexico, S.A. de C.V., Fundacion Azteca America, LLC, Ganador Azteca, S.A.P.I. de C.V., Grupo TV Azteca, S.A. de C.V., Incotel S.A., Inversora Mexicana De Produccion, S.A. de C.V., Kaza Azteca America Inc., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Red Azteca Internacional, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., SCTV, Inc., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Southern California TV LLC, Stations Group, LLC, TV Azteca Comercializadora, S.A. de C.V., TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V...(gp) (Entered: 07/15/2025) |
| 07/16/2025 | 86 | ORDER with respect to 81 Letter Motion for Conference. Defendants will respond to this letter by July 21, 2025. SO ORDERED. (Signed by Judge Paul G. Gardephe on 7/16/2025) (sgz) (Entered: 07/16/2025) |
| 07/16/2025 | | Set/Reset Deadlines: Responses due by 7/21/2025 (sgz) (Entered: 07/16/2025) |
| 07/17/2025 | 87 | PROPOSED ORDER FOR SUBSTITUTION OF ATTORNEY. Document filed by The Bank of New York Mellon..(Qureshi, Abid) (Entered: 07/17/2025) |
| 07/21/2025 | 88 | CONSENT ORDER GRANTING SUBSTITUTION OF ATTORNEY: Notice is hereby given that, subject to approval by the Court, that Plaintiff The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024 (the "Plaintiff"), substitutes MoloLamken LLP, by and through Justin M. Ellis and Eric Rolston, as counsel in place of Akin, Gump, Strauss, Hauer & Feld by and through Abid Qureshi and David Giller. As further set forth by this Order. The substitution of the above attorneys for Plaintiff is hereby approved and so ORDERED. Attorney David Giller and Abid Qureshi terminated. (Signed by Judge Paul G. Gardephe on 7/21/2025) (tg) (Entered: 07/21/2025) |
| 07/21/2025 | 89 | LETTER RESPONSE to Motion addressed to Judge Paul G. Gardephe from Hal S. Shaftel dated July 21, 2025 re: 81 LETTER MOTION for Conference addressed to Judge Paul G. Gardephe from Justin M Ellis dated July 11, 2025. *and in response to* |

| | | |
|---|---|---|
| | | *the Courts instruction in ECF No. 84.* Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 07/21/2025) |
| 07/24/2025 | 90 | AFFIDAVIT OF SERVICE. Alta Empresa, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Asesoria Especializada En Aviacion, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Azteca Comunicaciones Peru, S.A.C. served on 7/16/2025, answer due 8/6/2025; Azteca International Corporation served on 7/16/2025, answer due 8/6/2025; Azteca Records, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Comercializadora de Television de Honduras, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Editorial Mandarina, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Equipo de Futbol Mazatlan, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Ganador Azteca, S.A.P.I. de C.V. served on 7/16/2025, answer due 8/6/2025; Incotel S.A. served on 7/16/2025, answer due 8/6/2025; Lasimex, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Multimedia, Espectaculos y Atracciones, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Operadora Mexicana De Television, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Producciones Azteca Digital, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Producciones Dopamina, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Producciones Especializadas, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Productora de Television Regional De Tv Azteca, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Promotora de Futbol Rojinegros, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Redes Opticas, S.A.C. served on 7/16/2025, answer due 8/6/2025; S.C.I. de Mexico, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Servicios Aereos Noticiosos, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Servicios Especializados Taz, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Servicios Foraneos de Administracion, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Servicios Locales De Produccion, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Servicios y Mantenimiento del Futuro en Television, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; Stations Group, LLC served on 7/16/2025, answer due 8/6/2025; TV Azteca Global, S.L.U. served on 7/16/2025, answer due 8/6/2025; TV Azteca Honduras, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025; TV Azteca, S.A.B. de C.V. served on 7/16/2025, answer due 8/6/2025; TVA Guatemala S.A. served on 7/16/2025, answer due 8/6/2025; Televisora del Valle de Mexico, S.A. de C.V. served on 7/16/2025, answer due 8/6/2025. Service was accepted by Amy Rodriguez. Service was made by Mail. Document filed by The Bank of New York Mellon..(Ellis, Justin) (Entered: 07/24/2025) |
| 08/06/2025 | 91 | LETTER MOTION for Conference *Re: Seeking Pre−Motion Conference for Motion to Dismiss* addressed to Judge Paul G. Gardephe from Hal S. Shaftel dated August 6, 2025. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, |

| | | |
|---|---|---|
| | | S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # 1 Exhibit Request for Arbitration, # 2 Exhibit Counter Memorial on Jurisdiction).(Shaftel, Harold) (Entered: 08/06/2025) |
| 08/11/2025 | 92 | LETTER RESPONSE to Motion addressed to Judge Paul G. Gardephe from Justin M. Ellis dated August 11, 2025 re: 91 LETTER MOTION for Conference *Re: Seeking Pre−Motion Conference for Motion to Dismiss* addressed to Judge Paul G. Gardephe from Hal S. Shaftel dated August 6, 2025. . Document filed by The Bank of New York Mellon..(Ellis, Justin) (Entered: 08/11/2025) |
| 08/13/2025 | 93 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** STATUS REPORT. *to Judge Gardephe from Hal S. Shaftel, Esq. dated 8/13/2025 re Mexican Litigation Status Update pursuant to Court Order dated 10/16/2023* 28 Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Pulecio−Boek, Daniel) Modified on 8/14/2025 (lb). (Entered: 08/13/2025) |
| 08/14/2025 | 94 | STATUS REPORT. *From Hal S. Shaftel, Esq. to Judge Gardephe re Mexican dated 8/13/2025 re Mexican Litigation Status Update pursuant to Court Order dated 10/16/2023* 28 Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de |

| | | |
|---|---|---|
| | | C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 08/14/2025) |
| 09/03/2025 | 95 | LETTER addressed to Judge Paul G. Gardephe from Justin M. Ellis dated September 3, 2025 re: Pending Motion to Enjoin Mexican Litigation. Document filed by The Bank of New York Mellon..(Ellis, Justin) (Entered: 09/03/2025) |
| 09/12/2025 | 96 | STATUS REPORT. *Joint status report to Judge Gardephe re Mexican Litigation pursuant to Court Order dated 10/16/2023.* Document filed by The Bank of New York Mellon..(Ellis, Justin) (Entered: 09/12/2025) |
| 09/22/2025 | 97 | MEMORANDUM OPINION AND ORDER re: 46 MOTION to Enjoin Defendant TV Azteca from Litigating in Mexico . filed by The Bank of New York Mellon. For the reasons stated above, Plaintiff's motion to enjoin TV Azteca from continuing to prosecute or initiating any claims related to the Indenture in Mexico is granted (Dkt. No. 46). Defendant TV Azteca and its subsidiaries, officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with Defendant TV Azteca, are enjoined from prosecuting the July 2022 Mexican Action and the September 2022 Mexican Action; are instructed to take all steps necessary, forthwith, to dismiss or cause to be dismissed these actions and any other actions currently pending in Mexico arising from the Indenture; and are enjoined from prosecuting any legal actions in Mexico arising from the Indenture, or commencing any new legal actions in Mexico arising from the Indenture. The Clerk of Court is directed to terminate the motion (Dkt. No. 46). SO ORDERED. (Signed by Judge Paul G. Gardephe on 9/22/2025) (tg) Modified on 9/23/2025 (tg). (Entered: 09/23/2025) |
| 09/22/2025 | 98 | ORDER denying as moot 8 Motion to Compel. Because Plaintiff has filed a complaint in this action (see Cmplt. (Dkt. No. 80)), Defendants' motion to compel the filing of a complaint (Dkt. No. 8) is denied as moot. The Clerk of Court is directed to terminate the motion (Dkt. No. 8). SO ORDERED. (Signed by Judge Paul G. Gardephe on 9/22/2025) (tg) (Entered: 09/23/2025) |
| 10/01/2025 | 99 | ORDER granting 81 Letter Motion for Conference. The Court will conduct an initial pretrial conference in this case in accordance with Rule 16 of the Federal Rules of Civil Procedure on October 21, 2025, at 2:00 p.m. in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. Principal trial counsel must appear at this and all subsequent conferences. By October 14, 2025, the parties will submit a joint letter addressing the following in separate paragraphs: (1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (2) any contemplated motions; and (3) the prospect for settlement. For the Court's convenience, the parties must set forth the conference's date and time in the joint letter's opening paragraph. The Court directs the parties to consult its Individual Practices and model Case Management Plan and Scheduling Order – both of which are available on the Court's website (https://www.nysd.uscourts.gov/hon–paul–g–gardephe) – and to submit with their joint letter a jointly proposed Case Management Plan. The parties should be aware that the Court requires a pre–motion conference before any motion is filed, in accordance with Rule 4(A) of the Court's Individual Practices. The Court will consider requests for adjournment of the conference only if they are in writing and otherwise in accordance with the Court's Individual Practices. The parties should not provide the Court with courtesy copies of any document less than six pages in length. If this case has been settled or otherwise terminated, counsel are required to so notify the Court – before the date of the conference – by email at GardepheNYSDChambers@nysd.uscourts.gov, and must submit a stipulation of discontinuance, voluntary dismissal, or other proof of termination via email to the Orders and Judgments Clerk at the following email address: judgments@nysd.uscourts.gov. The Clerk of Court is directed to terminate the motion for a case management conference (Dkt. No. 81). SO ORDERED. Initial Conference set for 10/21/2025 at 02:00 PM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe. (Signed by Judge Paul G. Gardephe on 10/1/2025) (tg) (Entered: 10/02/2025) |
| 10/07/2025 | 100 | PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, |

| | | |
|---|---|---|
| | | S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. Related Document Number: 97 ..(Shaftel, Harold) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 10/07/2025) |
| 10/07/2025 | 101 | MEMORANDUM OF LAW in Support re: 100 Proposed Order to Show Cause Without Emergency Relief,,,,,,, *Seeking Reconsideration and Vacatur of the Court's 9/22/25 Order (Doc#97) & Stay Pending Resolution of the Motion for Reconsideration.* Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 10/07/2025) |
| 10/07/2025 | 102 | AFFIDAVIT of Maria Teresa Llantada Voigt in Support re: 100 Proposed Order to Show Cause Without Emergency Relief,,,,,,,. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios |

| | | |
|---|---|---|
| | | Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # 1 Exhibit A – Articles 50 and 51, # 2 Exhibit B – Article 34, # 3 Exhibit C – Appellate Decision, # 4 Exhibit D – Article 107, # 5 Exhibit E – Article 1 of Amparo law, # 6 Exhibit F – Article 23, # 7 Exhibit G – Articles 86 and 87, # 8 Exhibit H – First Amparo, # 9 Exhibit I – Second Amparo, # 10 Exhibit J – Third Amparo – compressed).(Shaftel, Harold) (Entered: 10/07/2025) |
| 10/07/2025 | 103 | AFFIRMATION of Hal S. Shaftel in Support re: 100 Proposed Order to Show Cause Without Emergency Relief,,,,,,,. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V.. (Attachments: # 1 Exhibit 1 – Request for Arbitration, # 2 Exhibit 2 – ICSID Counter Memorial On Jurisdiction, # 3 Exhibit 3 – ICSID Rejoinder on Jurisdiction).(Shaftel, Harold) (Entered: 10/07/2025) |
| 10/08/2025 | | **\*\*\*NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document No. 100 Proposed Order to Show Cause Without Emergency Relief was reviewed and approved as to form. (km)** (Entered: 10/08/2025) |
| 10/09/2025 | 104 | ORDER : On October 7, 2025, Defendants TV Azteca, S.A.B. de C.V. et al. filed a proposed order to show cause (Dkt. No. 100) seeking reconsideration of this Court's order dated September 22, 2025 (Dkt. No. 97). Plaintiff is directed to respond by October 16, 2025. SO ORDERED (Signed by Judge Paul G. Gardephe on 10/9/2025) (sgz) (Entered: 10/09/2025) |
| 10/14/2025 | 105 | NOTICE OF APPEARANCE by Mason English Reynolds on behalf of The Bank of New York Mellon..(Reynolds, Mason) (Entered: 10/14/2025) |
| 10/14/2025 | 106 | JOINT LETTER addressed to Judge Paul G. Gardephe from Justin M. Ellis and Hal S. Shaftel dated October 14, 2025 re: Joint Letter and Proposed Case Management Plan. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit Plaintiff's Proposed Case Management Plan Scheduling Order, # 2 Exhibit Defendants' Proposed Case Management Plan Scheduling Order).(Ellis, Justin) (Entered: 10/14/2025) |
| 10/14/2025 | 107 | STATUS REPORT. *to update the Court about this Courts October 16, 2023 request* Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de |

|  |  | C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Pulecio–Boek, Daniel) (Entered: 10/14/2025) |
|---|---|---|
| 10/16/2025 | 108 | OPPOSITION BRIEF re: 101 Memorandum of Law in Support,,,,,,, 100 Proposed Order to Show Cause Without Emergency Relief,,,,,,, . Document filed by The Bank of New York Mellon..(Ellis, Justin) (Entered: 10/16/2025) |
| 10/16/2025 | 109 | DECLARATION of Justin M. Ellis in Opposition re: 108 Opposition Brief. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A – ICSID Request for Arbitration, # 2 Exhibit B – Grupo Elektra Press Release).(Ellis, Justin) (Entered: 10/16/2025) |
| 10/16/2025 | 110 | DECLARATION of Fernando Del Castillo E. in Opposition re: 108 Opposition Brief. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit A – October 1 Filing (Spanish), # 2 Exhibit B – October 1 Filing (English), # 3 Exhibit C – October 7 Filing (Spanish), # 4 Exhibit D – October 7 Filing (English), # 5 Exhibit E – Court Gazette Excerpt (Spanish), # 6 Exhibit F – Court Gazette Excerpt (English), # 7 Exhibit G – Grupo Salinas Press Release (Spanish), # 8 Exhibit H – Grupo Salinas Press Release (English)).(Ellis, Justin) (Entered: 10/16/2025) |
| 10/16/2025 | 111 | LETTER MOTION for Leave to File Motion under Fed. R. Civ. P. 70(e) and the Courts inherent powers (1) holding Defendant TV Azteca and its management group, Grupo Salinas, in contempt of the Courts September 22, 2025 anti–suit injunction; and (2) authorizing discovery into whether Defendants controlling shareholder and others acting in concert with Defendants should also be held in contempt addressed to Judge Paul G. Gardephe from Justin M. Ellis dated October 16, 2025. Document filed by The Bank of New York Mellon..(Ellis, Justin) (Entered: 10/16/2025) |
| 10/16/2025 | 112 | ORDER: The conference currently scheduled for October 21, 2025, at 2:00 p.m., is adjourned to October 28, 2025, at 3:00 p.m. in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. Initial Conference set for 10/28/2025 at 03:00 PM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe. (Signed by Judge Paul G. Gardephe on 10/16/2025) (rro) (Entered: 10/17/2025) |
| 10/17/2025 | 113 | LETTER MOTION to Adjourn Conference addressed to Judge Paul G. Gardephe from Hal S. Shaftel dated October 17, 2025. Document filed by Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 10/17/2025) |

| | | |
|---|---|---|
| 10/20/2025 | 114 | NOTICE OF INTERLOCUTORY APPEAL from 97 Memorandum & Opinion,,,,,. Document filed by Administradora Grupo TVA, S.A. de C.V., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Television Azteca, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V.. Filing fee $ 605.00, receipt number ANYSDC–31870300. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit A Order Appealed From).(Shaftel, Harold) (Entered: 10/20/2025) |
| 10/20/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 114 Notice of Interlocutory Appeal. (tp) (Entered: 10/20/2025) |
| 10/20/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 114 Notice of Interlocutory Appeal,,,,,,, filed by Producciones Dopamina, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Azteca International Corporation, Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., TV Azteca Honduras, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Redes Opticas, S.A.C., Servicios Aereos Noticiosos, S.A. de C.V., Alta Empresa, S.A. de C.V., Television Azteca, S.A. de C.V., Lasimex, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Televisora del Valle de Mexico, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Comercializadora en Medios de Comunicacion de TV Azteca, S.A. de C.V., TVA Guatemala S.A., Administradora Grupo TVA, S.A. de C.V., Comercializadora de Television de Honduras, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Incotel S.A., Stations Group, LLC, Azteca Sports Rights LLC, Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., TV Azteca Global, S.L.U., Promotora de Futbol Morelia, S.A. de C.V., TV Azteca, S.A.B. de C.V., Atletico Morelia S.A. de C.V., Mazatlan Promotora de Futbol, S.A. de C.V., Azteca Records, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., S.C.I. de Mexico, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V. were transmitted to the U.S. Court of Appeals..(tp) (Entered: 10/20/2025) |
| 10/20/2025 | 115 | LETTER addressed to Judge Paul G. Gardephe from Hal S. Shaftel dated October 20, 2025 re: Conference Dates. Document filed by Administradora Grupo TVA, S.A. de C.V., Alta Empresa, S.A. de C.V., Asesoria Especializada En Aviacion, S.A. de C.V., Atletico Morelia S.A. de C.V., Azteca Comunicaciones Peru, S.A.C., Azteca Conecta Producciones, S.A. de C.V., Azteca International Corporation, Azteca Records, S.A. de C.V., Azteca Sports Rights LLC, Comercializadora de Television de Honduras, S.A. de C.V., Corporacion de Asesoria Tecnica y de Produccion, S.A. de C.V., Editorial Mandarina, S.A. de C.V., Equipo de Futbol Mazatlan, S.A. de C.V., Ganador Azteca, S.A.P.I. de C.V., Incotel S.A., Lasimex, S.A. de C.V., Mazatlan Promotora de |

| | | |
|---|---|---|
| | | Futbol, S.A. de C.V., Multimedia, Espectaculos y Atracciones, S.A. de C.V., Operadora Mexicana De Television, S.A. de C.V., Organizacion De Torneos y Eventos Deportivos, S.A. de C.V., Producciones Azteca Digital, S.A. de C.V., Producciones Dopamina, S.A. de C.V., Producciones Especializadas, S.A. de C.V., Productora de Television Regional De Tv Azteca, S.A. de C.V., Promotora de Futbol Morelia, S.A. de C.V., Promotora de Futbol Rojinegros, S.A. de C.V., Publicidad Especializada en Medios de Comunicacion de TV Azteca, S.A. de C.V., Redes Opticas, S.A.C., S.C.I. de Mexico, S.A. de C.V., Servicios Aereos Noticiosos, S.A. de C.V., Servicios Especializados Taz, S.A. de C.V., Servicios Foraneos de Administracion, S.A. de C.V., Servicios Locales De Produccion, S.A. de C.V., Servicios y Mantenimiento del Futuro en Television, S.A. de C.V., Stations Group, LLC, TV Azteca Global, S.L.U., TV Azteca Honduras, S.A. de C.V., TV Azteca, S.A.B. de C.V., TVA Guatemala S.A., Televisora del Valle de Mexico, S.A. de C.V...(Shaftel, Harold) (Entered: 10/20/2025) |
| 10/20/2025 | 116 | ORDER granting 113 Letter Motion to Adjourn Conference. The conference currently scheduled for October 28, 2025, at 3:00 p.m., is adjourned to November 4, 2025, at 10:00 a.m. in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. SO ORDERED. Initial Conference set for 11/4/2025 at 10:00 AM in Courtroom 705, 40 Centre Street, New York, NY 10007 before Judge Paul G. Gardephe. (Signed by Judge Paul G. Gardephe on 10/20/2025) (tg) (Entered: 10/21/2025) |